STATE EX REL. WALTER J. HARTNETT *v.* FRED R. ZELLER,
COMPTROLLER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and MOLLOY, JS.

Argued February 4—decided March 22, 1949.

*Samuel Reich* and *George A. Saden,* for the appellant
(plaintiff).

*Jack Rubin,* assistant attorney general, with whom,
on the brief, was *William L. Hadden,* attorney general,
for the appellee (defendant).

JENNINGS, J.    In this action of mandamus, the
relator, hereinafter called the plaintiff, sought a judg-
ment requiring the defendant to issue an order on the
state treasurer for $1840, which, the plaintiff claimed,

was due him as unpaid salary for the period between June 15, 1947, and November 26, 1947. The basic question is: Was the plaintiff in the employ of the state during that time?

The assignments of error include numerous attacks on the finding. Such sweeping attacks are permissible under the rules and are occasionally not only proper but necessary. See *Kiessling* v. *Kiessling,* 134 Conn. 564, 59 A. 2d 532. The checking of such assignments is, however, time consuming for both counsel and court and should not be required when the finding fairly presents the legal issues, as it does in the great majority of cases. It may be worth while to give an illustration from the case at bar, thoroughly characteristic of most of such assignments, to illustrate their futility. The court found: "On May 2, 1947, Commissioner Watson orally informed the plaintiff that his position . . . was being abolished and that his services in that position would no longer be required." This was alleged to have been found without evidence. The commissioner testified: "He came into my office May 2nd, and I informed him that we were reorganizing the Motor Vehicle Department, and for reasons of economy and efficiency that the position of Branch Office Supervisor was going to be eliminated, and therefore his services would no longer be required in that position." Not only does this evidence support the finding but it is in almost the same words. If the bar will weigh carefully the merit of such assignments before making them, the space occupied by this paragraph will be justified. Some of the cases to the same effect were cited in the recent case of *Staff* v. *Hawkins,* 135 Conn. 316, 318, 64 A. 2d 176.

The facts necessary to a decision of the instant case are as follows: The plaintiff, an employee of the state in the classified service, worked for fourteen years as

supervisor of branch offices in the department of motor vehicles. On May 2, 1947, the commissioner orally informed him that his position was being abolished as unnecessary and for reasons of efficiency and economy and that his services would no longer be required. On May 13, 1947, the position was abolished and the plaintiff's name was put on the re-employment list. His employment record had always been excellent. He was paid in full to June 15, 1947, the effective date of the abolition of his office. He has never received written notice of his dismissal although the fact of it was recognized by him in a letter to the commissioner dated June 18, 1947, in which he claimed the right to be placed on the re-employment list under General Statutes, Cum. Sup. 1939, § 666e. He has been ready, able and willing to continue his duties at all times but has not been re-employed.

On these facts the plaintiff claims that the situation is governed by § 688e of the 1939 Cumulative Supplement (Rev. 1949, § 365) and the defendant relies on § 666e. The relevant portions of these sections are printed in a footnote.[1] The latter section has been

---

[1] Sec. 688e. DISMISSALS, GENERAL. An appointing authority may dismiss any employee in the classified service when he shall consider the good of the service will be served thereby, provided written notice of such dismissal shall be given to such employee at least two weeks in advance of his dismissal and a copy of the same filed with the director. Such notice shall set forth the reasons for dismissal in sufficient detail to indicate whether the employee was discharged for incompetency or other reasons relating to the effective discharge of his duties and shall be prepared in such form and given in such manner as the director shall prescribe. The name of any such employee dismissed for incompetency or other reasons relating to the effective discharge of his duties shall be immediately removed from the eligible list in the office of the director.

Sec. 666e. RE-EMPLOYMENT LISTS; ESTABLISHMENT. When any employee in the state classified service who has been performing his duties in a satisfactory manner as shown by the records of the department, agency or institution in which he has been employed shall

amended (Sup. 1945, § 472h; Rev. 1949, § 341), but not in any way to affect the case at bar. The provisions of the two sections are mutually exclusive. Section 688e is concerned with dismissals for "the good of the service." When an employee is dismissed under this section, the appointing authority must give him written notice. The required terms of the notice define and narrow the meaning of "good of the service." It must state whether the discharge was for "incompetency or other reasons relating to the effective discharge of his duties." On discharge the employee is immediately removed from the eligible list.

Section 666e applies to a very different situation. It is unnecessary to repeat the quoted statute. In general it provides for the case where the dismissal is for the purpose of efficiency or economy in operating the department "or any cause other than deliquency, incompetency, misconduct or neglect of duty." On dismissal under this section the director must cause the name of the employee to be placed on the re-employment list in the appropriate class for re-employment. There can be no question of the power of the appointing authority to dismiss an employee for such reasons under the broad terms of a statute of this type. To quote one of the many cases so holding, the court in *State ex rel. Buckman* v. *Munson,* 141 Ohio St. 319, 48 N. E. 2d 109, said (p. 326): ". . . the power to suspend or lay off public officials or employees for reasons of economy is not to be denied notwithstanding statutory or charter provisions to the effect that no employee in

be dismissed from his office or position because of lack of work, economy, insufficient appropriation, change in departmental organization, abolition of position or any cause other than delinquency, incompetency, misconduct or neglect of duty . . . the director shall cause the name of such employee to be placed on the re-employment list for the appropriate class for which he shall have qualified for future re-employment when vacancies in the class shall occur. . . .

the classified service shall be removed except for cause and requiring a statement of reasons for suspension and affording opportunity for explanation and hearing, the view held by all being that such statutory or charter provisions refer to matters of personal conduct of the employee and are not intended to restrict the public authorities in their efforts to effect necessary or desirable economies." See also note, 111 A. L. R. 432.

The obvious distinction between § 666e and § 688e is carried out in and emphasized by § 427g of the 1943 Supplement (Rev. 1949, § 379). An appeal is allowed to any person "demoted, suspended, fined or dismissed," but an employee "dismissed for reasons of economy or lack of work may appeal only on the ground that the order of dismissal has not been determined by the service ratings of employees."

The practical construction placed on an act by the authority entrusted with its administration is entitled to consideration. *State ex rel. McNamara* v. *Civil Service Commission,* 128 Conn. 585, 590, 24 A. 2d 846. Rule 40(d) of the personnel department, passed to implement § 688e, lists sixteen causes for dismissal, but all relate to the personal conduct of the employee and none to conditions in the department.

The title of § 688e is "Dismissals, general." The plaintiff claims that this indicates that it covers all types of dismissal, including his. It is true that the title may be considered in construing an ambiguous act, but it cannot enlarge or confer power; *Hazzard* v. *Gallucci,* 89 Conn. 196, 200, 93 A. 230; nor can it control the meaning of a statute when the legislative intent is clear from its text. *New York, N. H. & H. R. Co.* v. *Orange,* 91 Conn. 472, 479, 100 A. 25.

Section 688e applies to a complete severance of employment when an employee is guilty of misconduct. Section 666e provides for a situation where the services

of an employee no longer are needed or can be retained. The plaintiff is in the latter class. He was not entitled to the notice required by § 688e. The decision of the trial court was correct.

There is no error.

In this opinion the other judges concurred.