THE STATE, EX REL. BAKER, *v.* TOLEDO STATE
HOSPITAL ET AL.

(No. 4445—Decided May 22, 1950.)

*Mr. Henry Black,* for relator.

*Mr. Herbert S. Duffy,* attorney general, *Mr. Joseph F. Ford* and *Mr. Robert A. O'Neil,* for respondents.

CARPENTER, J. In this action Hazel F. Baker, as relator, seeks a writ of mandamus to require the defendant Joseph E. Duty, as superintendent of the Toledo State Hospital, to reinstate her as an attendant in that hospital, from which position he removed her on May 23, 1949. Her position was in the classified civil service of the state.

From the allegations of the petition and the undisputed facts, it appears that on May 22, 1949, in the discharge of her duties, relator took a certain combative patient to the washroom to give her a bath. This the patient resisted and attacked the relator. In the altercation and, as relator alleges, to repel the attack the patient made upon relator, she struck the patient on her forehead with the buckle end of a

leather belt, causing a cut in the skin an inch and a half long.

The following day, after an investigation, the respondent discharged the relator as of June 1, 1949. In the order of removal, a copy of which was given relator, the reason given was "abuse of a patient and improper judgment."

The relator filed a timely appeal from respondent's order to the Civil Service Commission of Ohio. At the beginning of the hearing respondent moved the commission for leave to amend the order of removal by striking out the words, "abuse of a patient and improper judgment," and inserting "inefficiency, incompetence and failure of good behaviour." No objection was made and the order was amended. No question is raised as to the form of the removal order—in fact, the record does not contain a copy of it. The respondent's brief does contain a copy of the removal order which describes in some detail the incident of May 22, 1949, when relator struck the patient. No reply brief was filed and the court assumes that the copy of the order in the answer brief is not disputed. After an extended hearing of evidence, the commission affirmed the order of removal.

The prayer of the petition is for a writ to require respondent to reinstate relator and to pay her her salary from June 1, 1949.

The controlling law is found in Section 10, Article XV of the Constitution of Ohio, and in Section 486-17*a*, General Code, the material part of which is as follows:

"The tenure of every * * * employee * * * in the classified service of the state * * * shall be during good behaviour and efficient service; but any such * * * employee * * * may be removed for incompetency, inefficiency, dishonesty * * * or any other failure of good behaviour * * *.

"In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shall be filed with the commission. Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or * * * commission * * * within ten days from and after the date of such removal, in which event the commission shall * * * hear * * * such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision shall be final: provided, however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. * * *"

The relator did not file an explanation, as she might have done. To do so was optional with her. As authority for a writ of mandamus, she cites *State, ex rel. Brittain. v. Board of Agriculture,* 95 Ohio St., 276, 116 N. E., 459, in which Section 486-17a, General Code, which was then in substantially its present form, was discussed. In that case and the earlier one, *Hornberger, Dir. of Public Service, v. State, ex rel. Fischer,* 95 Ohio St., 148, 116 N. E., 28, which dealt with the earlier statute, the appointing authority did not conform to the statute in the order of removal, and no appeal was filed by the relator.

In the case at bar the amended form of the removal

order complies with the statute, and the relator took an appeal to the Civil Service Commission.

In *Industrial Commission* v. *Evans, Judge,* 99 Ohio St., 56, 122 N. E., 40, in a *per curiam* opinion, the court said:

"* * * the courts of this state have no jurisdiction to review, affirm, reverse, or modify the order of removal of an officer, employee or subordinate in the classified service of the state, made and entered by the appointing power, where it acts within the scope of its authority, and the order of removal is predicated upon one or more of the causes named in the statute [Section 486-17*a*].

"Prior to the passage of the Civil Service Act, the person removed by the appointing power, acting within the scope of its authority, had no remedy whatever. Under the Civil Service Act, the only remedy afforded him is by appeal to the civil service commission."

In that case the two members of the commission disagreed and the Supreme Court held that the order of removal should be affirmed, and in that connection said:

"The failure of the civil service commission to affirm, disaffirm or modify the order of removal, does not vest jurisdiction in the courts of this state to hear and determine the correctness of such order, or to control by injunction or *other mandatory writ*, the discretion of the appointing authority, where that authority has acted within the scope of its statutory powers." (Emphasis added.)

That decision was cited in 46 Corpus Juris, 996. To the same effect was the early decision of the Supreme Court of the United States in *Keim* v. *United States,* 177 U. S., 290, 44 L. Ed., 774, 20 S. Ct., 574.

From this court's examination of the entire record, it appears clear that it was "in the scope of the statu-

tory powers" of the respondent to remove the relator as he did, and it was "in the scope of the statutory powers" of the commission to affirm his order.

Immediately after the altercation with the patient, the relator said, in the presence of several witnesses and the next day to Mr. Duty, that she "lost her head," and in her testimony before the commission, in describing what happened, relator said, "I knew I had no business hitting that woman."

The court can not say that the respondent abused his power in making the order of removal, or the commission in affirming that order. The writ is denied.

*Writ denied.*

CONN and FESS, JJ., concur.