MARY E. HANNIFAN *v.* ARTHUR S. SACHS ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 7—decided December 18, 1962

*James H. Throwe,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellees (defendants).

ALCORN, J.  On January 10, 1958, the plaintiff was employed as an administrative fiscal management officer (credit manager) for the commission on alcoholism at its Blue Hills Clinic in Hartford. She continued in that position until, on February 29, 1960, she was notified by letter from the defendant Dudley P. Miller, executive director of the commission, that she was dismissed from state service effective at the close of business on March 14, 1960. Miller is the appointing authority and had employed the plaintiff. She appealed from the dismissal to the personnel appeal board pursuant to § 5-60 of the General Statutes. The defendants Arthur S. Sachs, Louis Margolis and Helen C. Foster, members of the personnel appeal board, acting as a hearing panel of the board under §§ 5-59 and 5-60 of the General Statutes, held a hearing and dismissed the

appeal. The decision of the hearing panel is final. § 5-60. Thereupon, the plaintiff brought this action against Miller and the members of the personnel appeal board named above. She sought an order in the nature of mandamus requiring the personnel appeal board to vacate its decision, sustain her appeal, reinstate her as a permanent employee with all benefits accruing from the date of her dismissal and restore her to the roster of employees, or, as an alternative, to vacate its decision and grant a new hearing.

The pertinent portion of § 5-60 on the powers of the personnel appeal board, acting through a hearing panel, provides: "If a majority of . . . [the] hearing panel after . . . [the] hearing determines the action appealed from to be arbitrary or taken without reasonable cause, . . . [the] appeal shall be sustained; if otherwise, . . . [the] appeal shall be dismissed. The decision of the hearing panel shall be final. Within ten days of a decision sustaining an appeal, the appointing authority shall take such measures as are necessary to correct the action or grievance complained of and shall render a report of such measures to the personnel director." The quoted language makes it clear that the personnel appeal board has no power to reinstate the plaintiff as a permanent employee, to reinstate her benefit rights as such an employee, or to restore her to the roster of state employees. Since no order for such action by the appointing authority is sought, we do not concern ourselves with those claims for relief. The only question on this appeal is whether the Superior Court was correct in refusing to issue an order requiring the appeal board to vacate its decision and either sustain the appeal or grant a new hearing.

The original complaint was in three counts, two of which were eliminated on demurrer. In the count on which the case was tried, relief was sought on the ground that the decision of the appeal board was arbitrary, capricious and illegal, that it was not rendered within the purview of § 5-56, relating to dismissals, and that it was in excess of the authority granted under § 5-60, relating to appeals to the board. Errors assigned in the finding and in rulings on evidence were not pursued in the brief, and these assignments are therefore treated as abandoned. *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 211, 177 A.2d 673; *State* v. *Ferraiuolo,* 145 Conn. 458, 459, 144 A.2d 41.

The undisputed facts beyond those already recited are as follows: The plaintiff at the time of her dismissal was a permanent employee of the state in the classified service. The reasons given by Miller for her dismissal, as recited in the written notice of dismissal, were "failure to carry out directives concerning collection procedures," and "failure to maintain effective relationships with patients and their legally liable relatives." The appeal board, as a result of its hearing, concluded that the dismissal was justified and legal. The plaintiff was paid her salary to and including the effective date of her dismissal. The appeal board, in its decision, stated "that despite the legality of the dismissal, the failure to adjust to the rather specialized working atmosphere of the Blue Hills Clinic should not destroy her 19 years of state service and ban her from all state service," and therefore it denied the appeal "unless Miss Hannifan, on or before September 1, 1960, delivers to this Board her resignation and a waiver of all claims for back pay, all in writing." The plaintiff did not resign.

Section 5-56 of the General Statutes provides that "[a]n appointing authority may dismiss any employee in the classified service when he considers the good of the service will be served thereby," that a written notice of the dismissal shall be given to the employee and to the personnel director, and that the notice shall set forth "the reasons for dismissal in sufficient detail to indicate whether the employee was discharged for incompetency or other reasons relating to the effective discharge of his duties." No claim is made that the notice in this case did not comply with the statute. The claim is that the appeal board acted arbitrarily, capriciously and illegally in reviewing the action of the appointing authority. Section 5-60, quoted above, confers on the appeal board the power to review the action of the appointing authority in discharging an employee only to the extent of determining whether the action was "arbitrary or taken without reasonable cause." If the appeal board finds that the appointing authority acted improperly in either of those respects, its duty is to adjudge the discharge invalid and sustain the appeal. If it finds that the appointing authority has not acted arbitrarily or without reasonable cause, its duty is to dismiss the appeal. *Turrill* v. *Erskine,* 134 Conn. 16, 23, 54 A.2d 494. The responsibility thus imposed on the board requires an exercise of judgment and discretion.

The function of the court in this action in the nature of mandamus is not to interfere with the exercise of the judgment and discretion which the statute reposes in the appeal board but merely to decide the limited question whether the board, in exercising its judgment and discretion, acted in disregard of the law defining its powers, capriciously

or arbitrarily, and not in the honest exercise of its discretion. *State* v. *Erickson,* 104 Conn. 542, 545, 133 A. 683; *Bryant & Chapman Co.* v. *Lowell,* 129 Conn. 321, 327, 27 A.2d 637. It is elementary that, while mandamus is available to compel the performance of a purely ministerial act, it will not lie to direct the performance of an act involving the exercise of judgment or discretion. *Sharkiewicz* v. *Smith,* 142 Conn. 410, 413, 114 A.2d 691; *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 534, 52 A.2d 747; *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689, and cases cited; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543, 12 A.2d 767, and cases cited. If a public officer or board acts within the scope of the delegated authority and honestly and fairly exercises his or its judgment in performing his or its function, mandamus is not available to review the action taken or to compel a different course of action. *Keim* v. *United States,* 177 U.S. 290, 294, 20 S. Ct. 574, 44 L. Ed. 774; *State ex rel. Heimov* v. *Thomson,* supra; *State ex rel. Baker* v. *Toledo State Hospital,* 88 Ohio App. 348, 351, 100 N.E.2d 265; *Souder* v. *Philadelphia,* 305 Pa. 1, 8, 156 A. 245. It is not the function of the court to review the conclusions reached by the appeal board or to inquire into the method by which those conclusions were reached. *Gray* v. *Jenkins,* 183 Kan. 251, 259, 326 P.2d 319. The Merit System Act (General Statutes, c. 63) does not permit an appeal to the courts from a decision of the appeal board, and if the board acted fairly and honestly and in accordance with the power conferred on it by statute, its decision is final. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 337, 51 A.2d 136.

The finding contains no suggestion that the ap-

peal board failed to exercise a fair and honest judgment in concluding that the reasons given by Miller for the plaintiff's dismissal were well founded. The question then is whether those reasons were sufficient under the statute. When an employee is dismissed under § 5-56 for "the good of the service," the written notice must set forth "the reasons for dismissal in sufficient detail to indicate whether the employee was discharged for incompetency or other reasons relating to the effective discharge of his duties." The statute thus narrows and defines the meaning of "the good of the service." *State ex rel. Hartnett* v. *Zeller,* 135 Conn. 438, 441, 65 A.2d 475. The reasons stated in the dismissal notice tendered to the plaintiff were adequate to meet this requirement of the statute. The personnel department had adopted regulations listing numerous grounds for dismissal which need not concern us, inasmuch as the reasons given in the notice here met the statutory requirement. *Amarone* v. *Brennan,* 126 Conn. 451, 454, 11 A.2d 850; *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 37, 192 A. 260.

It remains only to consider the form of the appeal board's denial of the appeal. From the text of the decision, it is apparent that the board had been made aware of the fact that the plaintiff had had a total of nineteen years' employment in state service. It also felt that her position at the clinic involved a "rather specialized working atmosphere." For those reasons, it apparently was reluctant to render a decision which would immediately remove her from the eligible list of candidates for other state employment. § 5-56; *State ex rel. Hartnett* v. *Zeller,* supra. To soften the effect of an outright dismissal of the appeal, it denied the

appeal "unless . . . [the plaintiff], on or before September 1, 1960, delivers to . . . [the] Board her resignation and a waiver of all claims for back pay." A similar opportunity had been offered the plaintiff by Miller. The plaintiff claims that the board, by attaching this condition, exceeded its authority and consequently rendered an illegal decision. The claim is without merit. The alternative was inserted only for the benefit of the plaintiff, and since she did not choose to resign, the dismissal of the appeal became as complete as though the condition had not been attached.

There is no error.

In this opinion the other judges concurred.