ARLENE WAGNER *v.* CONNECTICUT PERSONNEL
APPEAL BOARD ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and MACDONALD, JS.

Argued February 5—decision released April 20, 1976

*Sidney D. Giber,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellants (defendants).

*Edward T. Lynch, Jr.,* for the appellee (plaintiff).

BOGDANSKI, J. In 1973, the plaintiff, Arlene Wagner, was a permanent classified state employee (Hairdresser III) at Fairfield Hills Hospital in Newtown. In July of that year, pursuant to § 5-162 (c) (1)[1] of the General Statutes, the executive head of the hospital submitted an application to the state retirement commission for the plaintiff's retirement, effective September 1, 1973.

The plaintiff appealed her forced retirement to the state personnel appeal board, which found that the plaintiff's work had always been satisfactory, that she had never been suspended, that no disciplinary actions were pending against her, that she was physically capable of performing her job, and that she was retired against her wishes pursuant to § 5-162 (c) (1) based only upon the fact that she was fifty-six years old and the further fact that she had been employed in the state service for twenty-five years as of September 1, 1973. The board determined that, under § 5-162 (c) (1), the executive head of an agency could retire a female employee if she were fifty years of age or more and had twenty-five years of state service, and that, in

---

[1] At the time of this action General Statutes § 5-162 (c) (1) read: "Each member who has completed twenty-five or more years of state service shall be retired, on his own application or on the application of the executive head of the agency employing him, on the first day of the month named in the application, and on or after the member's fifty-fifth birthday, if a man, or fiftieth birthday, if a woman." Public Act No. 75-531 changed the minimum retirement age to fifty-five for men and women.

the present case, the superintendent of the hospital had acted within the scope of his authority. The appeal was therefore dismissed.

The plaintiff then sought relief in the Court of Common Pleas, where she contended that the involuntary retirement provision of § 5-162 (c) (1) violated the equal protection clauses of the state and federal constitutions, and that her involuntary retirement constituted an arbitrary, capricious and improper act in light of the fact that the personnel policies of this state are expressly based upon principles of merit. The court held that the involuntary retirement provision of the statute created the opportunity for arbitrary, capricious and unconstitutionally discriminatory action, and that it was violative of the right to equal protection of the laws. It ordered that the plaintiff be reinstated to her position in the state service with back pay, retroactive to September 1, 1973. From that judgment, the defendants, who include the members of the state personnel appeal board, the commissioner of personnel and the executive head of the Fairfield Hills Hospital, have appealed to this court, assigning error in the court's conclusions.

The defendants' initial claim is that there is no statutory right to appeal from the personnel appeal board to the Court of Common Pleas, and that the court therefore lacked jurisdiction to entertain the plaintiff's appeal. That argument overlooks the clear language of the Uniform Administrative Procedure Act as adopted in this state. The act provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review." General

Statutes § 4-183 (a). Expressly included within the meaning of "agency" is each state board authorized to make rules or to determine contested cases, and the act applies to all agencies not expressly exempted. General Statutes §§ 4-166 (1), 4-185. The state personnel appeal board is a state board which is authorized to determine contested cases, and it is not exempted from the act. Arlene Wagner exhausted her administrative remedies and was aggrieved by the final decision in her contested case. She was, therefore, entitled to judicial review of the board's action in the Court of Common Pleas. General Statutes § 4-183.

The primary issue presented by this appeal is whether a state employee may be involuntarily retired pursuant to the provisions of § 5-162 (c) (1) for no reasons other than age and length of service. We first address ourselves to the plaintiff's argument that unless § 5-162 (c) (1) can be read as providing for proper standards for a forced retirement other than age and length of service, it is in conflict with the State Personnel Act.

Chapter 67 of the General Statutes, the State Personnel Act, establishes a civil service system which is based upon principles of merit. General Statutes § 5-195. The act was designed to eliminate, as far as practicable, the "spoils" system of making appointments based upon political affiliations, and to prevent discrimination in appointments and dismissals based upon considerations other than fitness to perform a job. Cf. 15 Am. Jur. 2d, Civil Service, § 1. General Statutes § 5-194 expressly provides that the act "shall be so construed and administered as to provide a *uniform* and *equitable* system of personnel administration of employees in the state

service" (emphasis supplied), and that such matters as appointment, discipline, and separation from the service shall be accomplished in a manner to provide for reasonable stability of employment.

In furtherance of those precepts, the act and the regulations promulgated pursuant thereto prohibit the arbitrary separation of permanent classified employees from state service. Section 5-240 (c) of the General Statutes, for example, provides that an appointing authority may dismiss an employee when "the good of the service will be served thereby." The latter phrase has been limited in scope to situations involving misconduct, incompetence, or other reasons relating to the effective performance of duties. General Statutes § 5-240 (c); *State ex rel. Hartnett* v. *Zeller,* 135 Conn. 438, 441, 65 A.2d 475; see Regs., Conn. State Agencies § 5-240-3. Pursuant to General Statutes § 5-244, if an employee becomes mentally or physically incapable or unfit to perform his duties, he can be separated from state service or transferred to less arduous duties upon recommendation of the appointing authority. Under both §§ 5-240 (c) and 5-244, an employee cannot be dismissed arbitrarily or without reasonable cause. See General Statutes § 5-202 (c).[2]

It is evident that if § 5-162 (c) (1) were construed as allowing the arbitrary and selective forced retirement of state employees based upon no factors other than age or length of service, it could not be reconciled with the statutory scheme set forth in the merit provisions of the State Personnel Act. "Being

[2] An employee may, of course, be dismissed for such reasons as lack of work, economy, insufficient appropriation, departmental reorganization or abolition of position. General Statutes § 5-241. However, neither those nor similar considerations are applicable in the present case.

retired from office is, of course, not the equivalent of being discharged therefrom. There is, however, at least this much in common between the two: in each instance, the former incumbent is no longer in office. In the one case, he has been removed, has lost his job and has been placed on the retired list; in the other, he has been removed and has lost his job." *Wilson* v. *West Haven,* 142 Conn. 646, 657, 116 A.2d 420. If the statute were to be construed as urged by the defendants, a state employee reaching the requisite age and service plateaus would be continually subject to involuntary retirement at the whim of his agency head. He would be reluctant to institute grievance procedures provided for his benefit, for fear of a retaliatory forced retirement. "[N]othing opens the door to arbitrary action so effectively as to allow those officials to pick and choose only a few to whom they will apply legislation and thus to escape the political retribution that might be visited upon them if larger numbers were affected." *Railway Express Agency* v. *New York,* 336 U.S. 106, 112, 69 S. Ct. 463, 93 L. Ed. 533 (opinion of Jackson, J., concurring). If a state employee may be selectively retired without cause related to effective performance of his duties under § 5-162 (c) (1), it would then appear that the legislature has authorized indirectly that which it has forbidden directly through discharge procedures. *Wilson* v. *West Haven,* supra, 657.

Moreover, if the statute were construed as allowing arbitrary and selective forced retirement, it would not pass constitutional muster. "[I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide adequately delineated standards for those who apply them." *Mitchell* v. *King,* 169 Conn. 140, 143, 363 A.2d 68. In *Wilson*

v. *West Haven,* supra, 656, which presented a factual situation strikingly similar to that of the present case, this court stated: "While it is true that the [statute] provides that retirement shall not be available unless the police officer shall have served twenty-five years as a regular member of the department and shall have contributed, as required, to the relief fund, these conditions do not set up a sufficiently definite standard to guide the board. The situation would be different if the act compelled the board to retire all members of the department who met the conditions just mentioned. *People* v. *Federal Surety Co.,* 336 Ill. 472, 475, 168 N.E. 401; *Commonwealth ex rel. Siani* v. *Wilkes-Barre,* 164 Pa. Super. 529, 532, 67 A.2d 776. If, then, the [statute] gives the board the right to initiate proceedings itself for the retirement of police officers whose efficiency has not been challenged, we would be compelled to declare it invalid, because of the absence of a proper standard for the board to follow. *State* v. *Van Keegan,* 132 Conn. 33, 36, 42 A.2d 352; see *Ferretti* v. *Jackson,* 88 N.H. 296, 303, 188 A. 474; *Matter of Small* v. *Moss,* 279 N.Y. 288, 299, 18 N.E.2d 281; *State ex rel. Dieckroegger* v. *Conners,* 122 Ohio St. 359, 365, 171 N.E. 586." That reasoning is wholly applicable to the present case.

We will not impute to the legislature an intent to pass an invalid act, nor can we assume that the legislature intended to enact antagonistic legislation. *Wilson* v. *West Haven,* supra, 656; *State* v. *Muolo,* 119 Conn. 323, 330, 176 A. 401. We do not believe that the legislature afforded state employees "ample and laudable protection against the evils of preference" but empowered agency heads to destroy that protection if they so desire. We conclude, therefore, that the same "protection[s] against the evils

of preference" which are applicable to dismissal of state employees are also applicable to their involuntary selective retirement under § 5-162 (c) (1). *Wilson* v. *West Haven,* supra, 657.

Since the personnel appeal board determined that the plaintiff could effectively perform her duties, and that she was retired only because of her age and length of service, the relief ordered by the Court of Common Pleas was appropriate.

There is no error.

In this opinion the other judges concurred.