[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION AND/OR WRIT OF MANDAMUS
The Bridgeport Connecticut Police Local 1159, together with is individuals, all members of the local and the Bridgeport Police Department, bring this action against the Bridgeport Board of Police Commissioners ("Board"), the Bridgeport Civil Service Commission ("Commission") and the City of Bridgeport ("City") seeking a temporary writ of mandamus and/or a temporary injunction directing as follows:
(1) That the Board of Police Commissioners make requisition to the Civil Service Commission for persons eligible to fill all vacancies in the Table of Organization and enacted by the Common Council;
(2) That the Civil Service Commission process all requisitions for personnel submitted by the Board of Police Commissioners and, as soon as practicable, create current employment lists for the positions of Inspector and Lieutenants:
(3) That the defendants cause appointment of eligible persons to complete the Table of Organization of the Police Department as enacted by the Common Council with retroactive-reconstructed time-in-grade, as they would have had had there been compliance with the law.
The plaintiffs also seek monetary damages and other relief.
The parties agree that plaintiffs Boston, Hanley, Kelly, Mangano, Mencel and Napolitano are duly appointed lieutenants who competed in a Civil Service examination for the position of Captain, and are maintained on the current employment list for the position of Captain. CT Page 724
The parties further agree that plaintiffs Belco, Gearing, Evans, Holly, Koskuba, Leonzi, Notarangelo, Straub, Verillo and Zwerlain are duly appointed detectives or patrolmen who competed in the Civil Service examination for the position of Sergeant and are maintained on the current employment list for the position of Sergeant.
There is no disagreement that the police department is part of the competitive service and that an employment list exists, as of January 18, 1992, for the sergeant's position, and one exists as of December 13, 1991, for the captain's position. These lists remain current for two years. Nor is there disagreement on the fact that the Board is the appointing authority for the Police Department. Section 230, Charter.
On January 14, 1992 the Police Chief requested the Board make appointments for the rank of sergeants and captains. On January 15, 1992 the Board wrote to the Personnel Director of the Civil Service Commission requesting the names of the first 36 eligible candidates for appointment to the rank of Sergeant and the first 6 eligible candidates for the rank of Captain. On January 20, 1992 the president of the police union wrote to the Commission protesting the failure of the Commission to request the names of enough eligible candidates to fill all the vacancies in the department, to wit: 39 for sergeants and 10 for captains. The president pointed out that historically, all vacancies were filled from the employment lists. Some vacancies were filled from the lists on January 29, 1992; however, the remaining were not filled and the plaintiffs brought this action as a result.
The central issue of this case, which came before the court on an Order to Show Cause why a temporary injunction or writ of mandamus should not issue, is whether or not the court may order the Board to fill the remaining vacancies where the Charter indicates that the Board has discretion to either fill the vacancies or vote to abolish the positions. Section 213(a), Charter.
"`Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes.'" (Citation omitted.) Sotire v. Stamford, 19 Conn. App. 505, 513, 563 A.2d 1148 (1989). "It is established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendants (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law. Vartuli v. Sotire, 192 Conn. 353,472 A.2d 336 (1984). CT Page 725
The crux of the plaintiffs' claim is that the City's Common Council ("Council") has established a "Table of Organization" for the Police Department which must be filled whenever an eligible list exists for a particular rank. Moreover, the plaintiffs argue that the Board has waived any discretionary right to abolish the positions pursuant to section 213(a) of the Charter because the Board failed to vote to abolish the positions.
In support of its argument, the plaintiffs urge the premise that section 230 of the Charter mandates the filling of all vacancies. That section states, in pertinent part that "[I]t shall be the duty of the board of police commissioners to appoint fit and suitable persons to fill the offices of the police department. . . ."[1] The Plaintiffs claim that the Board has a non-discretionary affirmative duty to fill the offices of the department pursuant to this section.
In the construction of a city charter, ordinarily the rules of statutory construction are applied. When the words used are explicit, they are to govern. If not, one has recourse to context, occasion and necessity of the provision, mischief felt, and the remedy in view. One must give the language its plain and obvious meaning. If the language is not ambiguous, a court cannot arbitrarily add to or subtract from the words used. 2 McQuillin, Municipal Corporations (3d Ed. Rev.) sec. 9.22, p. 916-17; Arminio v. Butler,183 Conn. 211, 217-18 (1981). Further, every word, phrase, clause, and sentence is presumed to have meaning, and none should be regarded as superfluous. 2 McQuillin, loc.cit.
The plaintiff would have the court read "fill the offices" to mean "fill all the offices." The court cannot add any words to the charter. 2 McQuillen, op.cit. Were the Board mandated to fill all vacancies, there would be no further need for language in section 213 which empowers the Commission to abolish positions that are not filled.
Section 213 of the Charter states, in pertinent part, as follows:
 (a) When a position in the competitive division of the classified service shall become vacant and when an appropriate . . . employment list exists for the class to which such position is allocated, the appointing authority, within thirty days of the date said vacancy was created, shall serve notice on the personnel director CT Page 726 declaring whether or not it desires to fill the vacancy. If it desires to fill the vacancy, the appointing authority shall, within such thirty days, make requisition upon the personnel director for the name and address of a person eligible for appointment thereto. Pursuant to such requisition the personnel director shall make or cause to be made an investigation to determine whether or not such a vacancy does exist and report his findings to the commission. If, upon consideration of the facts, the commission determines that such a vacancy does exist, it shall order the personnel director, within thirty days of the date such requisition was made, to certify the name of the person who is highest on the appropriate . . . employment list . . . for the class to which the vacant position has been allocated and who is willing to accept appointment. If, upon consideration of the facts, the commission determines that a vacancy does not exist, it shall order the personnel director to serve notice on the appointing authority making the request that no appointment may be made. If the appointing authority declares its desire not to fill a vacant position or if the appointing authority fails to serve notice on the personnel director within the thirty day period set forth in this section, the commission shall at its next regular meeting abolish the position from the classified service. . . .
The foregoing language regarding the filling of vacancies gives he Board the discretion to make appointments. The appointing authority, the Board, serves notice upon the personnel director as to whether or not it desires to fill the vacancy. If it desires to do so, the personnel director must take certain action. If the Board "declare[s] its desire" not to fill a vacancy then the Commission abolishes the position at its next regular meeting. There is no mandatory duty upon the Board to fill an existing vacancy.
"It is elementary that, while mandamus is available to compel the performance of a purely ministerial act, it will not lie to direct the performance of an act involving the exercise of judgment or discretion." (Citations omitted.) Hannifan v. Sachs, 150 Conn. 162,167, 187 A.2d 253 (1962).
The plaintiffs fail to meet two of the three tests for the issuance of a writ of mandamus, namely that the Board has a mandated duty to fill the remaining vacancies and that they have a CT Page 727 clear legal right to have the Board fill the vacancies. Therefore, the court cannot grant their first claim for relief.
The plaintiffs would also have the court direct the Commission to process all requisitions for personnel submitted by the Board and create current employment lists for positions of Inspector and Lieutenants. The individual plaintiffs would not be the beneficiaries of such relief, although presumably the plaintiff Union would have an interest in this issue. However, there was insufficient evidence presented at the Show Cause hearing relative to the situation as it exists for the inspectors and lieutenants for the court to determine whether or not a remedy was necessary.
The plaintiffs request in their third prayer for relief, that the defendants cause the appointment of eligible persons to complete the Table of Organization of the Police Department. The plaintiff claims that this is enacted by the Common Council.
Section 56 of the Charter provides in pertinent part that "[T]he common council shall have power . . . to make, alter, and repeal orders and ordinances . . . . relative to the city police. . . ." Section 206(d) states, in pertinent part, "[W]henever the appointing authority of any department desires to establish a new permanent position in the classified service . . . [and] [I]f upon consideration of the facts the commission determines that the work of the department cannot be properly and effectively carried on without the position, it shall classify and allocate the new position to the proper class after the position has been established by the common council."
Plaintiffs have provided no convincing evidence in the Charter or other authority for the proposition that the Common Council creates or mandates the implementation of a "Table of Organization." Exhibit B shows the authorized strength of the department, that is, the positions which the Common Council agreed could exist and be filled, beyond which limits the appointing authority has no power to expand until it begins the process anew. See Shanley v. Jankura,144 Conn. 694, 703-05. "It is undisputed that mere placement on the eligible list does not automatically guarantee an appointment to the position. . . ." Sharkey v. Stamford, 196 Conn. 253, 258.
Similarly the court finds that there is insufficient basis for the issuance of a temporary injunction. "`[T]he requirements for a temporary injunction are (1) establishing a legal right, which involves a determination of the probability of the plaintiff's succeeding on the merits and that there is no other adequate remedy CT Page 728 at law; and (2) the imminence of a substantial and irreparable injury to the plaintiff, considered together with the effect of a temporary injunction on the plaintiff and the defendant." Connecticut Assn. of Clinical Laboratories v. Conn. Blue Cross, Inc., 31 Conn. Sup. 110, 113
(1973). The purpose of a temporary injunction is to maintain the status quo, pending a final determination on the merits. Gerdis v. Bloethe, 39 Conn. Sup. 53, 55 (1983). As discussed above, the plaintiffs have no legal right to action by the Board to fill all the vacancies which exist for which they are listed as eligible candidates. It is unclear that they would ultimately prevail on the merits of the case. Absent such a right, they do not have a remedy.
The court recognizes the frustration that the police plaintiffs feel in the loss of their expectation of receiving promotions with all the benefits attendant thereupon. However, as a matter of law this court must deny the application for a writ of mandamus and a temporary injunction.
Leheny, J.