[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER DATED SEPTEMBER 20, 1996
The defendant has requested in his September 20, 1996 motion, certain orders in regards to a New York State income tax refund check payable to both parties. The court heard testimony.
The court finds the following facts:
The parties filed financial affidavits in August 1996 and litigated various pendente lite matters on August 12, 1996 and August 13, 1996. Neither party's financial affidavit listed as an asset, the New York State income tax refund which is the subject of this motion. Inaccurate financial affidavits cannot be condoned.Jucker v. Jucker, 170 Conn. 674, 677 (1983); Monroe v. Monroe,177 Conn. 173, 183 (1979).
The parties, after the last court order of August 13, 1996, received a New York State joint income tax refund in the amount of $13,119.00 which was deposited to the parties' joint account at Fleet Bank. On August 21, 1996, the parties received a notice of CT Page 7692 levy from the Internal Revenue Service for their joint 1994 federal tax returns. The notice claimed due the amount of $12,105.69, plus late payment penalty of $68.94 and interest of $203.43 for a total amount due of $12,378.06. The I.R.S. notice stated "If we don't receive your full payment by 9/18/96, we may levy your property without further notice to you."
The court has examined the plaintiff's financial affidavit dated August 9, 1996 in which the plaintiff's needs are $3,925.59 and net income is $2,292.03. The court has examined the plaintiff's financial affidavit dated October 16, 1996 in which the needs are $4,018.34 and the net earnings of the plaintiff are $1,918.26. The court finds that the plaintiff has a shortfall of $2,100.00 per week living in the marital home. The defendant deposited into the joint Fleet Bank account the sum of $40,463.78, for the joint expenses of the parties for June, July and August, 1996. The total exceeds the $2,100.00 per week shortfall for that same thirteen week period.
The court finds that the 1994 I.R.S. obligation is joint and the 1994 I.R.S. tax return was signed jointly. The court further finds that the $13,119.00 refund check was given to the wife endorsed by the husband and not used by the wife for the payment of the 1994 I.R.S. obligation.
Motion #115 is granted and the court enters the following orders:
1. The wife is to pay for and hold the husband harmless from the said 1994 joint I.R.S. liability in the amount of $12,378.06, including but limited to any increased penalties, interest and lien fees. This hold harmless order will include any and all costs incurred by the husband to pay for and defend against said liability.
2. If either party intends to contest said 1994 tax liability, both parties will sign whatever documents and produce whatever assistance and information is needed to contest said 1994 I.R.S. claim.
3. The issue as to which party is ultimately responsible for the events that led to the said 1994 I.R.S. liability shall be litigated in the trial. This order is entered without prejudice to either party producing evidence at trial demonstrating that the other party was more than equally responsible for said 1994 I.R.S. $12,378.06 liability. The trial court has reserved jurisdiction to CT Page 7693 enter whatever further orders it deems appropriate at trial.
4. Each party is responsible for their own attorney's fees.
This order disposes of the issues raised by Motion #116. Motion #116 dated September 20, 1996 is hereby denied.
By the court.
KEVIN TIERNEY, J.