## WILLIS F. ZIEGER *v.* VILLAGE BROOK PLAZA LIMITED PARTNERSHIP ET AL.
### (14527)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued December 9, 1992—decision released February 9, 1993

*Michael D. O'Connell,* for the appellant (defendant New England Savings Bank).

*Thomas F. McGarry,* for the appellee (plaintiff).

PER CURIAM. This is a mortgage foreclosure action in which the defendant New England Savings Bank (bank)[1] appeals from a judgment of foreclosure by sale rendered by the trial court, *Koletsky, J.* The judgment of foreclosure rested on the previous resolution by the trial court, *Leuba, J.*, of a priority dispute between two mortgagees of the property, the plaintiff, Willis F. Zieger, and the bank. The court, *Leuba, J.*, had resolved that dispute by granting a motion for summary judgment filed by Zieger and denying a similar motion filed by the bank. The bank appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

At issue is the propriety of the rulings on the two motions for summary judgment regarding priorities. The bank claims that the trial court, *Leuba, J.*, improperly applied the doctrine of res judicata in granting Zieger's motion for summary judgment. We agree.

In its ruling, the trial court noted that this foreclosure action "involves the same parties and the same documentation as the case of *New England Savings Bank* v. *Village Brook Plaza Limited Partnership*, Docket No. 51 53 44 in the Superior Court for the Judicial District of New London at New London." Eight months earlier, the same trial judge had, in that case, ruled on motions for summary judgment filed by Zieger and the bank that were essentially identical to the summary judgment motions in this case, and granted Zieger's motion. That case, however, has not yet gone to final judgment.

In this case, the trial court viewed the question before it as "whether or not the issue of priorities having been previously determined is now res judicata as to the par-

---

[1] The other defendant is the named defendant, Village Brook Plaza Limited Partnership, the owner of the equity of redemption.

ties herein." The court concluded: "All parties had a full opportunity to argue this issue in the previous case. Because of that the court finds . . . the prior determination of the matter of priorities to be res judicata as to the parties involved in the Motions for Summary Judgment. *Gionfriddo* v. *Gartenhaus Cafe*, 15 Conn. App. 392 [546 A.2d 284 (1988), aff'd, 211 Conn. 67, 552 A.2d 540 (1989)]; *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 317 [307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973)]." Accordingly, the court granted Zieger's motion and denied the bank's motion.

We first note that, although the court in this case took judicial notice of the file in the first case, it did not, either explicitly or implicitly, incorporate by reference its memorandum of decision in the first case. Thus, it cannot be said that in this case the court separately considered the legal issues involved and resolved them by adopting the first memorandum of decision as applicable to and dispositive of the issues involved in this case.[2] Instead, the court rested its decision in this case solely on the doctrine of res judicata. That is clear, not only from the specific language of the trial court's memorandum of decision, but from its citations to the *Corey* and *Gionfriddo* cases, both of which involve the doctrine of res judicata.

It is axiomatic, however, that the application of the doctrine of res judicata requires the existence of a valid *final judgment*. See, e.g., *Beccia* v. *Waterbury*, 192 Conn. 127, 132, 470 A.2d 1202 (1984); *Wade's Dairy, Inc.* v. *Fairfield*, 181 Conn. 556, 559, 436 A.2d 24 (1980). This rule applies whether we view the trial court's decision as resting on the issue preclusion aspect

---

[2] For this reason, we decline the plaintiff's invitation to take judicial notice of the decision in the other case and treat it as if it were a full decision on the merits of the motions for summary judgment. We therefore do not review those merits as presented in the briefs of the parties in this case.

of the doctrine; *Scalzo* v. *Danbury*, 224 Conn. 124, 127–28, 617 A.2d 440 (1992); or the claim preclusion aspect of the doctrine. See *Corey* v. *Avco-Lycoming Division*, supra, 317.

In this case, the previous decision upon which the trial court rested its application of the doctrine of res judicata was not final. The court, therefore, was incorrect in applying the doctrine.

The judgment is reversed and the case is remanded for further proceedings according to law.