[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts as alleged in the amended complaint are as follows. The defendant, James Kearns ["Kearns"], is an attorney representing Wendy Wirtz ["Wirtz"] in an action against the plaintiff, Arthur Field ["Field"]. In the course of said representation, Kearns requested the name of Field's malpractice carrier. Field, however, refused to provide such information. CT Page 3052
As a result of Field's refusal, Kearns filed a grievance with the grievance panel on April 29, 1992. Thereafter, the Statewide Grievance Panel ruled in Field's favor.
Subsequent to the filing of said grievance, Kearns voluntarily withdrew Wirtz's action against Field. However, on May 29, 1992, Kearns commenced a second action against Field on Wirtz's behalf.
On January 15, 1993, Field filed a six-count complaint against Kearns. On January 27, 1993, the defendant filed a motion to strike the complaint. On February 16, 1993, the court, McKeever, J., denied the defendant's motion to strike as moot in that the plaintiff filed an amended seven-count complaint on February 3, 1993.
The first and second counts of the amended complaint are claims for abuse of process. The third count is a claim for vexatious litigation. The fourth count is an action for negligence. The fifth count is an action for tortious interference. The sixth count is a claim for libel, and the seventh count is a claim pursuant to the Connecticut Unfair Trade Practices Act ["CUTPA"], General Statutes 42-110a et. seq.
On February 5, 1993, the defendant filed a motion to strike the amended complaint along with a memorandum of law. On February 10, 1993, the plaintiff filed an objection to the defendant's motion to strike along with a memorandum in support thereof. On February 16, 1993, the plaintiff filed a supplemental memorandum of law.[1]
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike. . . , a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts CT Page 3053 not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." (citation omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408,551 A.2d 738 (1988). Where the facts provable under the allegations would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
The defendant moves to strike the first, second, third, fifth and sixth counts of the plaintiff's amended complaint on the ground that he has absolute immunity from liability. Although it is well established that there is an absolute privilege for statements made in judicial and quasi-judicial proceedings; Kelley v. Bonney, 221 Conn. 549, 565-66,606 A.2d 693 (1992): Petyan v. Ellis, 200 Conn. 243, 245, 510 A.2d 1337
(1986); the effect of an absolute privilege is to bar recovery on a claim to which the privilege attaches. Kelley, supra, 565, 571 n. 15, citing Petyan, supra, 246, 252-53. since a claim of absolute immunity from liability does not destroy a cause of action but rather only bars recovery, a motion to strike is not the proper procedural vehicle to raise the issue of absolute immunity. Therefore, the defendant's motion to strike counts one, two, three, five and six on the ground of absolute immunity is denied.
In addition, the defendant moves to strike the first and third counts of the amended complaint on the ground that the plaintiff has failed to allege the requisite elements of a cause of action for vexatious litigation. In order to state a claim for vexatious litigation, a plaintiff must "allege that the underlying action `was initiated maliciously, without probable cause, and terminated in the plaintiff's favor.'" Mozzochi v. Beck, 204 Conn. 490, 492, 529 A.2d 171 (1987). In the third count, which is based upon vexatious litigation, the plaintiff alleges: (1) that despite the defendant's knowledge that the plaintiff was never properly served with process in Wirtz's original action against the plaintiff, the defendant nonetheless filed a grievance against the plaintiff on the ground that the plaintiff violated his ethical duty to appear and defend the suit; (2) the Statewide Grievance Panel ultimately ruled in his favor; and (3) the filing of the grievance was vexatious. CT Page 3054 Therefore, the plaintiff has sufficiently alleged all three elements and the motion to strike the third count on this ground is denied.
The first count is a claim for abuse of process and not vexatious litigation. Therefore, the motion to strike the first count on this ground is also denied.
The defendant moves to strike the fourth count on the ground that it fails to allege the requisite elements of a cause of action for abuse of process. The fourth count is a negligence claim. Accordingly, the motion to strike the fourth count is denied.
Finally, the defendant moves to strike the seventh count on the ground that the filing of a single non-sham lawsuit cannot form the basis of a CUTPA claim. Although "a CUTPA claim [can] not be filed against a party merely because of the filing of one non-sham lawsuit;" CNB v. Mase, 3 Conn. L. Rptr. 285, 286 (January 31, 1991, Flynn, J.); whether or not the underlying action was a "sham" lawsuit cannot be determined from the fact of the pleadings. See Whitney Bank Trust Co. v. LaMonico, Superior Court, judicial district of New Haven, Docket No. 311758 (September 14, 1992, Zoarski, J.) (Denying motion to strike on similar grounds.). Since the motion to strike depends upon facts outside the pleadings, the motion to strike the seventh count is denied.
LEHENY, JUDGE