[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT JACK ROSENBLIT'S MOTION CT Page 2776 TO STRIKE AND ON THE DEFENDANT MARK ROSENBLIT'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs in the present action are Gideon Rutenberg and Equity Management Corporation [hereinafter "Equity Management"]. The defendants are Jack Rosenblit, Mark Rosenblit, and Litchfield Heights Associates. The present action, for statutory vexatious litigation against all three defendants, arises out of a prior civil action brought by the defendants against the plaintiffs.
On April 20, 1985, defendant Jack Rosenblit, as a general partner of Litchfield Heights Associates, filed a writ, summons, and complaint, signed by defendant attorney Mark Rosenblit, against Rutenberg and Equity Management. This action consisted of thirteen counts, in which Jack Rosenblit alleged conversion and theft of money and supplies, failure to pay rent, trespass, breach of fiduciary duties, and unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act.
On April 15, 1988, the trial for the prior action was commenced. In a written memorandum of decision, rendered on September 7, 1988, the court, Hammer, J., found in favor of Rutenberg and Equity Management on all counts. The court, Hammer, J., upon the motion of Rutenberg and Equity Management, also rendered a special finding, pursuant to General Statutes52-226a, that the action was "without merit and not brought in good faith." On November 21, 1988, the plaintiffs filed a complaint in which they alleged that the defendants had maintained a vexatious suit against them. On August 14, 1992, the plaintiffs filed a third amended complaint, in six counts; this complaint is the operative complaint in the present action.
In the first count of the third amended complaint, the plaintiffs allege that defendant Jack Rosenblit commenced and prosecuted, without probable cause, a civil action against them, and that pursuant to General Statutes 52-568(a)(1) the plaintiffs are entitled to double damages. In the second count of the third amended complaint, the plaintiffs allege that defendant Jack Rosenblit commenced a civil action against them, without probable cause and with malicious intent, and that pursuant to General Statutes 52-568(a)(2) the plaintiffs are entitled to treble damages. Similarly, in the third and fourth counts, CT Page 2777 respectively, the plaintiffs allege that defendant Mark Rosenblit is liable for vexatious litigation pursuant to General Statutes52-568(a)(1) and (2).
On October 29, 1992, defendant Jack Rosenblit filed a motion to strike (#195) the first and second counts of the third amended complaint; this motion was accompanied by a supporting memorandum of law. On December 2, 1992, the plaintiffs filed a memorandum of law in opposition to the motion to strike.
On October 8, 1993, defendant Mark Rosenblit filed a motion for summary judgment (#220), along with a supporting memorandum of law and several supporting affidavits and documents. On November 12, 1993, the plaintiffs filed a memorandum of law in opposition to defendant Mark Rosenblit's motion for summary judgment.
1. Defendant Jack Rosenblit's Motion to Strike (#195)
Pursuant to Practice Book 152, a motion to strike tests the legal sufficiency of the allegations of a complaint. In deciding a motion to strike "[the] trial court should not consider grounds other than those specified." Meredith v. Police Commission,182 Conn. 138, 140-41, 438 A.2d 27 (1980). While a motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "Further, in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988).
In support of his motion to strike, defendant Jack Rosenblit argues that the plaintiffs may not bring an action for vexatious suit against him based upon General Statutes 52-568, as amended in 1986 to add subsection (a), because that subsection was not in effect at the time the prior action was filed on April 20, 1985. In opposition to the motion to strike, the plaintiffs argue that their cause of action for vexatious litigation did not arise until September 7, 1988, the date on which the court, Hammer, J., rendered a decision in favor of Rutenberg and Equity Management in the prior action, and, thus, that the statute as amended effective October 1, 1986, governs in the present case.
General Statutes 52-568, as amended effective October 1, 1986, provides, in pertinent part: CT Page 2778
 (a) Any person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages.
Prior to October 1, 1986, General Statutes 52-568 provided, in pertinent part, that "[a]ny person who commences and prosecutes any civil action or complaint against another . . . without probable cause, and with a malicious intent unjustly to vex and trouble him, shall pay treble damages." The difference between the two versions of the statute is that the statute in effect prior to the 1986 amendment did not contain a provision allowing for double damages where the plaintiff is unable to establish that the defendant acted with malice in commencing and prosecuting the alleged vexatious suit. Therefore, the dispositive question for the court in deciding defendant Jack Rosenblit's motion to strike is whether General Statutes 52-568
as amended in 1986 applies to the present action.
An action for vexatious suit may lie where a civil action is commenced without legal justification. Schafer v. O.K. Tool Co.,110 Conn. 528, 532 (1930). "In suits for vexatious litigation the plaintiffs must allege that the prior litigation terminated in their favor." Blake v. Levy, 191 Conn. 257, 263, 464 A.2d 52
(1983). "This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of actions to the courts." (Footnote omitted.) Id. As a result, "a claim for vexatious litigation will not lie until the vexatious suit has terminated in favor of the defendant." (Citation omitted.) Paint Products Co. v. Minwax Co.,448 F. Sup. 656, 658 (D.Conn. 1978). Consequently, "it is impossible to use vexatious litigation as a counterclaim in the very suit a defendant claims is vexatious." Id; see Field v. Kearns, 8 CSCR 427 (March 31, 1993, Leheny, J.); Knickerbocker v. Village Apartment Properties, Inc., 7 CSCR 1218, 1219 (September 23, 1992, Pickett, J.); Yale-New Haven Hospital v. Orlins,7 CSCR 711 (May 12, 1992, Levin, J.). These principles apply whether the action is brought pursuant to statute or pursuant to the common law. Csigi v. Teraglia, 2 Conn. L. Rptr. 811, 812 (November 16, 1990, Fuller, J.), citing Goodspeed v. East Haddam Bank, 22 Conn. App. 530, 535, (1853); see Hiers v. Cohen, CT Page 277931 Conn. Sup. 305, 329 A.2d 609 (Super.Ct. 1973).
"`Substantive rights of the parties are fixed at the date upon which the cause of action accrued.'" Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 520-21, 562 A.2d 1100
(1989) quoting Batchelder v. Tweedie, 294 A.2d 443, 444 (Me. 1972); see Roberts v. Caton, 224 Conn. 483, 490, 619 A.2d 844 (1993). "`In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm.'" Id., quoting Champagne v. Raybestos-Manhattan, Inc., supra, 521. "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present and enforceable demand." (Citations omitted; internal quotation marks omitted.) Balboa Insurance Co. v. Zaleski, 12 Conn. App. 529, 534, 632 A.2d 973 (1987). In determining the moment at which a cause of action accrues, "`[t]he true test is to establish the time when the plaintiff first could have successfully maintained an action.'" Wynn v. Metropolitan Property Casualty Insurance, 30 Conn. App. 803,807-08, 623 A.2d 66 (1993), quoting Gaylord Hospital v. Massaro,5 Conn. App. 465, 467, 499 A.2d 1162 (1985).
In the present action, the prior action was commenced in April, 1985; the memorandum of decision was rendered by the court, Hammer, J., on September 7, 1988. A suit for vexatious litigation, whether brought pursuant to common law or statute, cannot be maintained until the prior action has terminated in the defendant's favor. Blake v. Levy, supra, 263. Therefore, the plaintiffs could have initiated the present action for vexatious litigation on or after September 7, 1988 and, thus, the plaintiffs' cause of action accrued on that date. The "[s]ubstantive rights of the parties are fixed at the date upon which the cause of action accrued." (Citations omitted; internal quotation marks omitted.) Champagne v. Raybestos-Manhattan, Inc., supra. General Statutes 52-568, as amended in 1986 to add the double damages provision, was in effect on the date the cause of action accrued.
In the first count of the third amended complaint, the plaintiffs allege that defendant Jack Rosenblit commenced a civil action against them without probable cause and that, pursuant to General Statutes 52-568(a)(1), the plaintiffs are entitled to double damages. In the second count of the third amended complaint, the plaintiffs allege that defendant Jack Rosenblit commenced a civil action against them without probable cause and with malicious intent and that, pursuant to General Statutes CT Page 278052-568(a)(2), the plaintiffs are entitled to treble damages.
Viewing the complaint in the light most favorable to the plaintiffs, the court finds that the plaintiffs, in counts one and two of the third amended complaint, have alleged facts sufficient to state a claim under General Statutes 52-568(a)(1) and (2). Accordingly, defendant Jack Rosenblit's motion to strike counts one and two of the third amended complaint is denied.
2. Defendant Mark Rosenblit's Motion for Summary Judgment (#220)
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party"; Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist." Batick v. Seymour,186 Conn. 632, 647, 433 A.2d 471 (1988).
The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . . ."; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984); and "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, supra. The party resisting summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 109
(1993). In addition, summary judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969).
In support of his motion for summary judgment, defendant Mark Rosenblit argues that summary judgment must be granted in his favor on the ground that General Statutes 52-226a and 52-568 do not apply to him because he was the attorney, and not a party, in CT Page 2781 the prior action. Defendant Mark Rosenblit also argues that the pre-1986 version of General Statutes 52-568 applies in the present action and that as a result, the plaintiffs must prove that he acted with malice in commencing and prosecuting the prior action. In addition, defendant Mark Rosenblit asserts that General Statutes 52-226a does not apply in the present case because it was not in effect at the time that the prior action was commenced and that, consequently, the plaintiffs may not rely on the special finding issued in the prior action to establish that the prior action was without merit and not brought in good faith.
In opposition to the motion for summary judgment, the plaintiffs argue that General Statutes 52-568 does allow for a cause of action against the defendant attorney in the present action. The plaintiffs also argue that General Statutes 52-568, as amended in 1986, applies in the present case because the present cause of action arose on September 7, 1988, the date at which the first action terminated in their favor.
A claim for vexatious litigation will not lie until the vexatious suit has terminated in favor of the defendant. Paint Products Co. v. Minwax Co., supra, 658. The plaintiffs' cause of action arose on September 7, 1988, the date upon which the court, Hammer, J., rendered a memorandum of decision in the prior action. General Statutes 52-568 as amended in 1986 to provide for double damages where the plaintiff shows that the defendant acted without probable cause, and General Statutes 52-226a, which was enacted in 1986, apply in the present case.
The special finding statute, General Statutes 52-226a, provides:
 [I]n any civil action tried to the court the prevailing party may file a written motion requesting the court to make a special finding . . . that the action or a defense was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568.
This provision does not contain language that indicates that the legislature intended that a special finding should not be admissible against an attorney in a subsequent action for CT Page 2782 vexatious litigation pursuant to General Statutes 52-568. Moreover, a special finding issued pursuant to General Statutes52-226a is not a prerequisite to the commencement of an action for vexatious litigation, and, therefore, defendant Mark Rosenblit's motion for summary judgment would not be granted on that ground. See Indomenico v. Mr. Sparkle Car Wash, Inc., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 372997 (September 4, 1992, Missal, J.) (the denial of the defendant's request for a special finding pursuant to General Statutes 52-226a "does not preclude the defendant from bringing a vexatious suit action against the plaintiff either under section 52-568(a) or at common law.").
Neither the language of General Statutes 52-226a nor that of General Statutes 52-568 precludes the maintenance of a vexatious litigation action against an attorney. Similarly, no cases have been found in which an action for vexatious suit was barred on the ground that the defendant was the attorney for the plaintiff in the prior action. In Mozzochi v. Beck, 204 Conn. 490, 495,529 A.2d 171 (1987), the Connecticut Supreme Court stated, in dicta, that it "assumed, without discussion, that an attorney may be sued in an action for vexatious litigation, arguably because that cause of action has built-in restraints that minimize the risk of inappropriate litigation." Id., citing Vandersluis v. Weil, 176 Conn. 353, 361, 407 A.2d 982 (1978). In Vandersluis v. Weil, supra, the plaintiff brought a claim of vexatious suit against the defendant and the defendant's attorney. The jury returned a verdict in favor of the defendant's attorney. Id., 361. The Connecticut Supreme Court upheld this verdict on the ground that the jury could have found that the defendant attorney had acted with probable cause and had justifiably relied on the representations of his client. Id. In Midstate Electronics Co. v. Nova Electronics, 10 Conn. L. Rptr. 349 (November 12, 1993, Fracasse, J.), the plaintiffs brought an action for vexatious litigation against several defendants, including the attorney who had represented the defendants in the prior action. The defendant attorney moved for summary judgment claiming in part that he had acted with probable cause in commencing and prosecuting the suit. Id., 353. The court granted the defendant attorney's motion for summary judgment on this ground. Id.
Accordingly, in light of the supreme court's statements in Mozzochi v. Beck, supra, and Vandersluis v. Weil, supra, coupled with the plain wording of the relevant statutes, this court finds that an action for vexatious litigation may be brought against CT Page 2783 the attorney who represented the plaintiff's adversary in the prior action.
As stated above, in order to prevail in an action for vexatious litigation, pursuant to either the common law or statute, the plaintiffs must first establish that the alleged vexatious action terminated in their favor. In addition, in order to obtain double damages pursuant to General Statutes 52-568(a)(1), the plaintiff must establish that the prior action was commenced without probable cause; in order to obtain treble damages pursuant to General Statutes 52-568(a)(2), the plaintiff must establish that the prior action was commenced without probable cause and with malicious intent.
Summary judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission, supra. Viewing the pleadings and affidavits submitted in the light most favorable to the plaintiffs, this Court concludes that genuine issues of material fact exist as to whether defendant Mark Rosenblit acted without probable cause and/or with malicious intent in commencing and prosecuting the prior action. Accordingly, defendant Mark Rosenblit's motion for summary judgment is denied.
Mary R. Hennessey, Judge