[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff in the present action is the United States Fidelity Guaranty Co. The defendants are Anastasia and Pentaleon Leonidas (hereinafter "the Leonidas defendants"), Robert Greco, Angelo Greco, Anthony Greco d/b/a Central Garage and d/b/a Central Plowing (hereinafter "the Greco defendants"), Foodways National, Inc. (hereinafter "Foodways"), and Arthur A. Watson Co., Inc. (hereinafter "Watson Co."). The plaintiff is seeking a declaratory judgment as to a contract for insurance executed between it and the Greco defendants. The plaintiff filed a second amended complaint on November 5, 1993, in which the following facts are alleged:
The Leonidas defendants are the plaintiffs in a separate slip and fall action against the Greco defendants in which they claim that the Greco defendants failed to adequately remove snow and ice from property owned by Foodways, causing Anastasia Leonidas to slip and fall on December 29, 1991. In this underlying action, the Leonidases claim that the Greco defendants failed to exercise a contractual duty to remove ice and snow from those premises.
In the present action, the plaintiff further alleges that it entered into a contract of garage coverage insurance (hereinafter "the policy") with the Greco defendants, which was effective from March 11, 1991, to March 11, 1992. The Greco defendants were notified of the slip and fall by letter dated January 14, 1991, however, notice of this pending claim was not forwarded to the plaintiff until on or about February 7, 1992.[1]
CT Page 3900
On November 9, 1993, the plaintiff filed a motion for summary judgment as to the issue of liability along with a supporting memorandum of law and several exhibits, including a copy of the insurance policy, a copy of the letter sent from Foodways' insurer to the Greco defendants, and a copy of the certificate of insurance. On December 10, 1993, the Leonidas defendants filed a memorandum of law in opposition to the plaintiff's motion for summary judgment, along with several exhibits (a copy of the policy and copy of the certificate of insurance) and the affidavits of Anthony Greco, Robert Greco, and Anastasia Leonidas. On December 10, 1993, the Greco defendants filed an opposition to the plaintiff's motion for summary judgment in which they joined in the opposing memorandum of law.[2]
 I
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact"; (citations omitted) Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984); and "[t]he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, 186 Conn. 632,647, 433 A.2d 471 (1988). "The Party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 109
(1993). In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party"; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist." Batick v. Seymour, supra.
 II
In support of its motion for summary judgment, the CT Page 3901 plaintiff argues that the policy only covers injuries resulting from "Garage Operations," and that "garage operations" include the ownership, maintenance or use of the roads or other accesses adjoining the garage premises and automobiles covered specifically by the policy, and operations necessary or incidental to the garage business. The plaintiff asserts that the claim being brought by the Leonidas defendants against the Greco defendants derived from the garage's snow removal operations, which are not "garage operations" as defined by the policy. In support this claim, the plaintiff relies on the language of the policy itself.
In opposition to the motion for summary judgment, the Leonidas defendants and the Greco defendants argue that a genuine issue of material fact exists as to whether snow plowing or snow removal operations fall within "garage operations" as defined in the policy. To support this claim, the Leonidas defendants and the Greco defendants submit a copy of the policy, as well as the affidavits of Anthony and Robert Greco, in which they state the following: "[A]s part of their garage operations" the Greco defendants provided a snow plowing service during the winter months; the vehicles used for snow removal were identified and covered by the policy; the Greco defendants disclosed to the plaintiff that the garage engaged in snow removal; prior to the date of the slip and fall, the Greco defendants entered into a contract with Foodways for snow removal for the winter of 1990-1991 at the property owned by Foodways in Wethersfield; on or before January 4, 1991, the Greco defendants were requested by Foodways to provide evidence of insurance as a condition to entering into the snow removal contract; and on or before January 4, 1991, the Greco defendants requested Watson Co., an agent of the plaintiff, to furnish proof of their insurance to Foodways.
Section II of the policy, entitled "Liability Coverage," states that the plaintiff "will pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies caused by an `accident' and resulting from `garage operations.'" Section VI of the policy, entitled "Definitions," defines "garage operations" as
 the ownership, maintenance or use of locations for garage business and that portion of the CT Page 3902 roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in SECTION I of this coverage form as covered "autos." "Garage operations" also include all operations necessary or incidental to a garage business.
Viewing the evidence in the light most favorable to the defendants, the plaintiff has failed to satisfy its burden of establishing that there is no genuine issue of material fact as to its rights and duties under the policy. As stated above, in order for the plaintiff to succeed on its motion for summary judgment, it must show the nonexistence of any genuine issue of material fact and dispel any doubt as to what the truth is. See Strada v. Connecticut Newspapers, Inc., supra; Batick v. Seymour, supra. In support of its motion, the plaintiff relies on the language of the policy and asserts that this language precludes insurance coverage by the plaintiff for the Greco defendants in the underlying action. Conversely, the Leonidas defendants and Greco defendants have set forth evidence which demonstrates that a genuine issue of material fact exists as to whether snow plowing and/or removal are garage operations which were intended by the parties to be covered by the policy. See Scinto v. Stamm, supra. Specifically, the defendants have submitted evidence that the Greco defendants provided a snow plowing service, using vehicles covered by the policy, "as part of their garage operations" during the winter months, that this fact was disclosed to the plaintiff, and that the Greco defendants understood that the policy afforded coverage to these operations. Moreover, the defendants have submitted evidence that Watson Co., an agent of the plaintiff, furnished a "Certificate of Insurance" to Foodways, at the request of the Greco defendants, concerning the snow removal contract entered into by the Greco defendants and Foodways.
In accordance with the foregoing discussion, genuine issues of material fact exist in this case as to the rights and liabilities of the plaintiff and that the plaintiff. Accordingly, plaintiff's motion for summary judgment is denied.
Michael R. Sheldon, J. CT Page 3903