[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The pleadings raise three issues to be decided. They are:
(1) Whether the present action should be stricken from the jury docket;
(2) Whether the defendants' motion to cite an additional party should be granted; and
(3) Whether the plaintiff's motion for summary judgment as to count one of the complaint should be granted. CT Page 3579
The plaintiff is the Commissioner of the Connecticut Department of Environmental Protection. The defendants are tenants in common of property located at 97-105 Main Street, Hebron, [hereinafter "the site"], purchased in 1985. The plaintiff is charged with the enforcement of the state's environmental statutes and regulations pursuant to General Statutes 22a-6(a) of the Connecticut Water Pollution Control Act, [hereinafter "CWPCA"]. On April 11, 1990, former Commissioner Leslie Carothers issued Order #681 directing the defendants to remedy ground water contamination and pollution on their property. The action at bar is to enforce Order #681 pursuant to General Statutes 22a-432 and 22a-433.
A three count complaint was filed by the plaintiff in September, 1991. Count One seeks the enforcement of Order #681, discounts the defendants' inability to pay and alleges the defendants' failure to timely appeal the Commissioner's decision. Count Two charges the existence of a public nuisance in violation of General Statutes 22a-427. Count three alleges that the defendants have violated General Statutes 22a-430 by discharging water substances or materials into the state's waters without a proper permit.
Order #681 essentially states that waste waters from a furniture stripping business situated on the defendants' property were discharged to an on site septic system, that investigations disclosed the presence of petroleum hydrocarbons in the soil and ground water, and that accordingly the defendants created or are maintaining a facility or condition which reasonably can be expected to create a source of pollution to the state's waters.
Order #681 directed the defendants to investigate the extent and degree of pollution on and off the site, to take remedial action approved by the Commissioner to prevent and abate pollution emanating from the site, and to conduct a monitoring program on a specified schedule to determine the effectiveness of the remedial actions in place.
Pursuant to General Statutes 22a-432, 22a-433, 22a-436, and22a-437, the defendants requested a hearing challenging Order #681. At the hearing conducted by an appointed adjudicator on November 21 and 26, 1990, the defendants raised two issues: whether the alleged activities or ownership of the property satisfied the provisions of Sec. 22a-432, and whether the CT Page 3580 defendants' financial inability to comply with Order #61 was a relevant factor in determining the validity of Order #681.
The adjudicator issued, on February 5, 1991, a Final Decision and Order, now incorporated by reference to the complaint. The Final Decision and Order affirmed Order #681 as being correctly issued pursuant to 22a-432 and 22a-433. The Final Decision and Order concluded that the defendants were bound by Order #681, without regard to whether the defendants actually caused the contamination, because they were maintaining a facility or condition which reasonably could have been expected to create a source of pollution to the state's waters in violation of Sec.22a-432. The defendants' financial inability to comply with the Order was not held relevant to the Order's validity.
The defendants filed an answer and three special defenses. In their answer they admit the allegations but deny: That the Commissioner's order is final and enforceable; that they have created a public nuisance; and that they discharged substances or materials into the state's waters without a permit.
In the first special defense, the defendants allege that Order #681 is void ab initio because of the Commissioner's failure to comply with the notice requirements of Sec. 22a-433. In the second special defense, the defendants set out that they were passive owners of the property, did not create any alleged run-offs, and that the Commissioner's interpretation of General Statutes 22a-432 as imposing strict liability based solely on property ownership, was erroneous as a matter of law. In the third special defense, the defendants charge failure of notice under Sec. 22a-433, thereby preventing the Commissioner from having jurisdiction over the parties and the subject matter.
The plaintiff seeks a temporary and permanent injunction ordering the defendants to comply with the terms of Order #681; to abate all water pollution and soil contamination at the site; to prevent any further discharges into the state's waters without proper permit; and to immediately comply with all of the state's environmental statutes. The plaintiff further seeks civil penalties, reasonable costs and expenses incurred in the pursuance of this action, and any other appropriate relief.
The defendants' claim for a jury trial is challenged by the plaintiff's claim that there is no right to a jury trial in environmental enforcement actions. Commissioner of Environmental CT Page 3581 Protection v. Connecticut Building Wrecking Co., 227 Conn. 175,187 (1993). The defendants' principal contention rests upon their claim of deficient notice thereby raising an attack upon subject matter jurisdiction which they claim gives right to a trial by jury. In addressing this specific question, our Supreme Court held "that environmental enforcement actions under our state's environmental statutes are primarily equitable," and that "Article First, 19 does not require a jury trial in environmental enforcement actions." Id. Accordingly, the plaintiff's motion to strike this action from the jury list is granted.
The defendants' motion to cite in Caron Brothers, Inc., is an effort to place before the trier the allegedly culpable party. There is little dispute that these defendants did not initiate or cause the contamination at issue; their liability is, however, cognizable because of public policy enactments by the General Assembly. See Starr v. Commissioner of Environmental Protection, supra; General Statutes 22a-1,22a-1a, and 22a-1b. Caron Brothers was a tenant of the defendants' predecessor in title and apparently the source of the contested contamination. The defendants posit that they are merely passive owners of the property and were never informed at the time of purchase of any pollution problems or anticipated liability. On this predicate, the defendants claim that Caron Brothers is an indispensable party to this action in accordance with general Statutes 52-102(2).
Sec. 52-102(2) states in relevant part that prospective defendants "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein." (Emphasis added). The defendants are correct to contend that under 22a-451 and 22a-452 the Commissioner may proceed against any person or firm that directly or indirectly caused pollution. The decision, however, to proceed under these statutes is exclusively within the discretion of the Commissioner. The determination of who is or is not a necessary party in matters of environmental enforcement is legislatively reserved to the Commissioner. Additionally, because the Commissioner has not undertaken to clean up the pollution on the site, the defendants' reliance on 22a-451 et. seq. is misplaced.
The action at bar seeks to enforce an order issued pursuant to General Statutes 22a-432 and 22a-433. These statutes authorize the Commissioner to issue an order to any person who has created or is maintaining a facility or condition which CT Page 3582 reasonably can be expected to create a source of pollution to the waters of the state. The injustice claimed by the defendants is the lack of distinction between the creation of a pollution facility and the maintenance of one by the innocent act of purchasing unknowingly a contaminated property. Although this court is sympathetic with the defendants' status and the anticipated financial burdens to be caused to them, the issue of what constitutes "maintenance" was decided by our Supreme Court in Starr v. Commissioner of Environmental Protection, 226 Conn. 358
(1993).
In Starr, the court held that "the legislature intended that the word `maintaining' in 22a-432 be interpreted liberally to include within its purview a landowner who has failed to abate pollution existing on his or her land that reasonably could be expected to create a source of pollution to the state's waters regardless of blame for the creation of the condition. We conclude that pursuant to 22a-432, the defendant was empowered to order a cleanup of polluted land without regard to fault or economic hardship." Id., 382.
It is palpable that the legislative policy was to delegate to the Commissioner the power to target individuals. To permit defendants to cite otherwise culpable parties would clearly impede the expeditious enforcement of the environmental statutes. Enforcement would, in effect, be held hostage to parties contesting fault. These statutes target liability to either the polluter and/or the land owner. The legislative policy was clearly to place the burden upon the polluter and/or the owner of polluted property, regardless of whether the owner knows of the pollution. Since possible coequal liability rests upon the innocent purchaser, caveat emptor is preeminent. The import of General Statutes 22a-432 and 22a-433 is to allow the Commissioner to place responsibility upon the owner and the person causing the pollution, if the Commissioner so chooses. Starr, supra, provides that this statute enables the Commissioner "to impose liability on a landowner even if the owner did not establish or create the condition or was not maintaining the condition." Id., 387-88.
This court concludes that Caron Brothers is not a party necessary to the enforcement of Order #681 and that Caron does not have an interest of such a nature that a final decree cannot be made without either affecting their interest or leaving the controversy in such condition that its final termination may be CT Page 3583 wholly inconsistent with equity and good conscience. See Stamford Ridgeway Associates v. Board of Representatives,214 Conn. 407 (1990).
The defendants are not, however, without remedy as pertains to a third party that they believe to be primarily culpable. They are not precluded from impleading a third party. See General Statutes 52-102a. In the likely event of a bifurcation at trial, the defendants at the conclusion of this action could then proceed against any summoned third party.
Accordingly, for the reasons outlined supra, the defendants' motion to cite is hereby denied.
In support of his motion for summary judgment on the first count of the plaintiff's complaint, the plaintiff alleges that the defendants have failed to comply with Order #681 and the Final Decision and Order, as issued by the Commissioner's designated adjudicator. The plaintiff Commissioner additionally asserts that the defendants' failure to appeal to the superior court, as authorized by General Statutes 4-183(a), 22a-432,22a-433 and 22a-437, the adjudicator's Final Decision and Order results in a final, enforceable, and non-appealable decision and that the defendants by their inaction to appeal the Final decision are now fully bound by it.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party"; Connecticut Bank trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist." Batick v. Seymour, 186 Conn. 632, 647, 433 A.2d 471 (1988).
The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . . ."; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984); and "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, supra. The party resisting summary judgment "must substantiate its adverse claim by showing CT Page 3584 that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 109 (1993).
The plaintiff has submitted on behalf of his motion, a certified copy of Order #681, a certified copy of the Final Decision and Order, and an affidavit of Paul Jameson, an environmental analyst with the Department of Environmental Protection; this affidavit attests to the defendants' failure to comply with Order #681 and the adjudicator's Final Decision and Order.
The defendants counter that Order #681 and the Final Decision and Order were rendered without jurisdiction and are therefore properly subject to collateral attack. The defendants have failed, however, to submit opposing affidavits or other documentary evidence to support their contentions that jurisdictional defects existed in the earlier department proceedings.
"A collateral attack is an attack upon a judgment, decree or order offered in an action or proceeding other than that in which it was obtained . . . ." Gennarini Construction Co. v. Messina Painting Decorating Co., 5 Conn. App. 504, 511-12, 496 A.2d 539
(1985). Generally, "[c]ollateral attacks on judgments are disfavored"; Convalescent Center v. Department of Income Maintenance, 208 Conn. 187, 200, 544 A.2d 604 (1988); but a collateral attack may be permitted, where "it can be shown that the judgment is void, as for want of jurisdiction; `mere error' will not suffice." Gennarini Construction Co. v. Messina Painting Decorating Co., supra, 512. Where "`a court has never acquired jurisdiction over a defendant or the subject matter, any judgment ultimately entered is void and subject to vacation or collateral attack.'" Broaca v. Broaca, supra, quoting Bartels v. International Commodities Corporation, 435 F. Sup. 865, 867
(D. Conn. 1977).
The defendants' principal thrust in defeat of the motion for summary judgment rests upon the assertion that the plaintiff failed to comply with the necessary notice requirements as provided under General Statutes 22a-432 and 22a-433, as relates to Order #681 and the Final Decision and Order. In determining the merits of the plaintiff's motion, this court is required to view the evidence in the light most favorable to the defendants. The pleadings, documents, and briefs furnish no evidence to CT Page 3585 support the defendants' assertions that the plaintiff acted without jurisdiction in agency matters.
In the first and third special defenses, the defendants allege that the plaintiff failed to comply with the notice requirements as provided under General Statutes 22a-433, and therefore lacked the necessary jurisdiction to issue agency Order #681 and the consequent Final Decision and Order. The flaw in these assertions is that the defendants have set forth no facts establishing the existence of a factual dispute as regards to whether any statutory notice requirements were violated.
Evidence presented in support of a motion for summary judgment is not rebutted by the bald statements that an issue of fact does exist. See Burns v. Hartford Hospital, 192 Conn. 451,455 (1984). The evidence was lacking to find a genuine issue of material fact. Because the plaintiff has established that no genuine issue of material fact exists as to count one, this court accordingly grants the plaintiff's motion and orders that judgment be entered on the first count in favor of the plaintiff.
IT IS SO ORDERED.
Spada, J.