[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISIONON MOTION FOR SUMMARY JUDGMENT
This is a foreclosure action brought by the plaintiff, but involves the same parties and the same documentation as the case of New England Savings Bank v. Village Brook Plaza LimitedCT Page 7651Partnership, Et Al, Docket Number 515344, in the Superior Court for the judicial District of New London at New London. In this case both the plaintiff Willis F. Zieger and New England Savings Bank have moved for summary judgment with regard to the issue of priorities as between their respective mortgages. In the earlier case of New England Savings Bank v. Village Brook PlazaLimited Partnership, Et Al, Docket No. 515344; Judge Leuba granted the motion for summary judgment of the plaintiff in this case, Willis F. Zieger and denied the motion for summary judgment of the New England Savings Bank.
The issues, parties and documentation are identical except for the fact that in the interim the New England Savings Bank was declared insolvent and its assets turned over to the Federal Deposit Insurance Corporation who is now the real defendant and interest in this case.
In this particular case No. 517839 Judge Leuba wrote a decision in which he found that the previous case namely NewEngland Savings Bank v. Village Brook Plaza, Docket No. 515344 was res judicata in controlling with regards to this case. The Supreme Court at Vol. 224 Conn. 543 reversed Judge Leubas' decision and remanded the matter for further proceedings. The reversal was on the basis of form rather than substance and maintained that Judge Leuba could not rely on the doctrine res judicata unless it was a final judgment and at the time that the Supreme Court ruled there was not a final judgment in the first case of New England Savings Bank v. Village Brook Plaza, Docket No. 515344.
This court takes the remand for further proceedings to mean that it should decide the motion for summary judgment filed by the plaintiff and by New England Savings Bank.
The argument has to do solely with the priorities of the parties and whether or not the certain subordination agreement which is an exhibit in this case is self executing and whether this court should do in equity that which ought to be done and subordinate the purchase mortgage money of the plaintiff to the construction mortgage of the defendant New England Savings Bank.
This court agrees with all of the facts found and the law set forth in Judge Leubas' Memorandum of Decision dated January 4, 1991 in the case of New England Savings Bank v. Village BrookPlaza, Docket No. 515344. CT Page 7652
This court also agrees with the conclusions reached by Judge Hodgson, in the case of Helen O. Rice v. Salem Development, EtAl, Superior Court at New Haven, Docket No. CV91-0321363. In that decision she states as follows: the plaintiffs reliance on Judge Leubas' ruling in New England Savings Bank v. VillageBrook Plaza Limited Partnership, 3 Conn. L. Rptr. 121 (1991) is misplaced. The subordination provision at issue in that case specifically provided that "subordination shall be affected by execution of a subordination agreement provided by buyers expenses. . . ." and the court found that although such a document was prepared it was never executed. Since the cited condition had to be given affect, Judge Leuba found that the subordination provision could not be viewed as self executing, as in FirstConnecticut Small Business Investment Company v. Arba, Inc.170 Conn. 168. Similarly in Connecticut Bank Trust Company v.Trolley Barn Corporation, 3 Conn. L. Rptr. 588, Judge Leubas' refusal to grant a motion for summary judgment to give affect to a subordination agreement resulted from his finding that there was an issue of fact as to whether the condition stated in the text of the agreement has been fulfilled."
A thorough review of the applicable law, and the decision of Judge Leuba and Judge Hodgson and the briefs submitted by both parties both in favor and opposition brings this court to the same and similar conclusion of Judge Leuba and Judge Hodgson. The plaintiff Willis F. Zieger's motion for summary judgment is granted and the defendant New England Savings Banks motion for summary judgment is denied.
O'CONNELL, J.