[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs in the present case are Canberra Industries, Inc. [Canberra] and Liberty Mutual Insurance Company [Liberty Mutual]. The defendant is Pace Motor Lines, Inc. [Pace], a motor freight carrier. The third-party defendant is Lloyds Underwriters [Lloyds], a limited partnership located in London, England.
On November 14, 1991 the plaintiffs filed a one count complaint containing the following factual allegations: On or about November 30, 1989, Canberra delivered to Pace certain goods that were to be shipped by Pace via interstate commerce; Pace acted as a bailee for these goods. Canberra sought the return of the goods, but Pace, due to its negligence and carelessness, "failed to deliver such goods to plaintiff [Canberra] in the condition in which they were received," causing damages to Canberra. Liberty Mutual held an insurance policy in favor of Canberra; this policy carried a $25,000 deductible. Pursuant to this policy, Liberty Mutual paid to Canberra $7457.60 and is CT Page 8406 subrogated to the rights of Canberra for that amount. Canberra suffered $25,000 in damages, the deductible amount under the insurance policy.
On January 16, 1992, Pace filed an answer in which it admits only that it received from Canberra the goods to be shipped. On April 29, 1993, Pace filed a motion to serve a third party complaint against Lloyds. This motion was granted by the court, Allen, J., on December 6, 1993.
In the third party complaint, dated December 14, 1993, Pace alleges that Lloyds supplied liability insurance to Pace and that this policy covered the goods transported by Pace for Canberra. Pace further alleges that if the plaintiffs prevail in their claim against Pace, Lloyds must reimburse Pace under the terms of its insurance policy with Pace.
On March 30, 1994, Pace filed a motion for leave to file a motion for summary judgment against the plaintiffs' complaint. This motion was granted by the court, Langenbach, J., on the condition that oral argument be made on the motion for summary judgment by July 1, 1994. Pace's motion for summary judgment was accompanied by a supporting memorandum of law, two affidavits, a copy of portions of the National Motor Freight Classification, a copy of the shipping order, and a copy of a letter sent by a representative of Liberty Mutual to William Pacelli, an officer and shareholder for Pace. On April 21, 1994, Lloyds filed a notice of intent to join in Pace's motion for summary judgment.
On May 20, 1994, the plaintiffs filed a memorandum of law in opposition to the motion for summary judgment along with: a copy of the "contract terms and conditions" portion of the National Motor Freight Classification, which contains the Uniform Domestic Straight Bill of Lading; the affidavit of attorney Mark H. Swerdloff, and; copies of three letters sent by a senior claims adjustor at Liberty Mutual to Pace. On May 27, 1994, Pace filed a reply to the plaintiffs' opposition to the motion for summary judgment, which was joined by Lloyds on June 1, 1994.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. In ruling on the summary judgment motion, "the trial court must view the evidence in the light most favorable to the CT Page 8407 nonmoving party"; Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist."Batick v. Seymour, 186 Conn. 632, 647, 433 A.2d 471 (1988).
The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . . ."; Stradav. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984); and "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, supra. The party resisting summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 109
(1993). Summary judgment is, however, "apt to be ill adapted in cases of a complex nature . . . which often need the full exploration of a trial." (Citations omitted.) United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596
(1969).
In the memorandum in support of the motion for summary judgment, Pace and Lloyds argue that the shipping order, which governed the shipping of the goods in the present case, specifically provides that all services performed thereunder were to be subject to the terms and conditions of the Uniform Domestic Straight Bill of Lading, as set forth in the national motor carrier classification in effect at the time the shipping order was executed. Pace and Lloyds assert that the terms and conditions of the Uniform Domestic Straight Bill of Lading provide that recovery against the carrier may only be attained if claims are filed in writing with the carrier "within nine months after the delivery of the property except that claims for failure to make delivery must be filed within nine months after a reasonable time for delivery has elapsed." Pace and Lloyds argue that there is no factual dispute that the plaintiffs did not timely file a proper claim with Pace and that, therefore, Pace is not liable for the loss claimed by the plaintiffs as a matter of law.
In opposition, the plaintiffs argue that the present case does not involve damaged goods, but rather, the non-delivery of goods. The plaintiffs argue that, consequently, pursuant to the Domestic Straight Bill of Lading, they were afforded nine from CT Page 8408 months reasonable time delivery within which to give the required notice of their claim to Pace. The plaintiffs further argue that, because the definition of a reasonable time for delivery is a question of fact, summary judgment is inappropriate in the present case.
In reply to the plaintiffs' memorandum in opposition, Pace and Lloyds assert that the present case is not a non-delivery case because one of the fifteen cartons to be shipped by Pace was, in fact, delivered. In support of this contention, Pace and Lloyds have submitted the affidavit of William Pacelli, an officer and shareholder of Pace, in which he attests to the fact that there was a "delivery of Canberra goods on December 6, 1989." Affidavit of William Pacelli, para. 7. Pace and Lloyds further argue that, even if the present case is characterized as a non-delivery case, a reasonable time for delivery need not be established because at least a partial delivery was made on December 6, 1989, thus establishing that time as a reasonable time for delivery.
In New England Fruit Produce Co. v. Hines, 97 Conn. 225,227, 116 A.2d 243 (1922), the court stated that
 [s]ince the amendment . . . to the Interstate Commerce Act, known as the Carmack Amendment, the rights and liabilities of the parties in actions relating to interstate shipments, in either State or Federal courts, depend upon Acts of Congress, the bill of lading, and the common-law rules as accepted and applied in Federal tribunals.
(Citation omitted.) Id; see St. Paul Fire and Marine InsuranceCo. v. Wrap It Up, 7 CSCR 786 (July 6, 1992, Sylvester, J.). "The rights and liabilities of the parties are governed by the federal laws relating to interstate commerce and the terms of the bill of lading, as interpreted by the federal tribunals." (Citation omitted.) New York, N.H. H.R. Co. v. California Fruit GrowersExchange, 125 Conn. 241, 245, 5 A.2d 353 (1939).
In the present case, Pace and Lloyds have submitted a copy of the shipping order and the Uniform Domestic Straight Bill of Lading, as set forth in the applicable motor vehicle classification in effect for November and December of 1989. The shipping order, signed by a representative of Canberra, provides, CT Page 8409 in pertinent part,
 Pace . . . Received, subject to the classifications and tariffs in effect on the date of the issue of the Bill of Lading, at Meriden, Ct 06450 Nov. 30 1989 From Canberra Ind. Inc. One State St the property described below, in apparent good order . . . . It is mutually agreed . . . that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth . . . classification or tariff if this is a motor carrier shipment.
The copy of the shipping order reflects that fifteen cartons of "electrical instrument[s]" were received by Pace from Canberra to be shipped by Pace to Three Mile Island Nuclear Generating Station in Middletown, Pennsylvania.
The plaintiffs, Pace, and Lloyds have each submitted copies of the Uniform Domestic Straight Bill of Lading and the accompanying contract terms and conditions. Section 1(a) of the contract terms and conditions provides that "[t]he carrier or the party in possession of any of the property described in this bill of lading shall be liable as at common law for any loss thereof or damage thereto, except as hereinafter provided."
Section 2(b) states that "as a condition precedent to recovery claims must be filed in writing with:"
1. the receiving or delivering carrier; or
2. the carrier issuing this bill of lading; or
 3. the carrier whose line the loss, damage, injury or delay occurred; or
 4. the carrier in possession of the property when the loss, damage, injury or delay occurred.
 Such claims must be filed within nine months after the delivery of the property . . . except that claims for failure to make CT Page 8410 delivery must be filed within nine months after a reasonable time for delivery has elapsed.
In their complaint, the plaintiffs assert that, upon demand from the plaintiffs for return of the goods, the "defendant failed to deliver said goods to [Canberra] in the condition in which they were received." It is unclear from this allegation whether the plaintiffs are claiming that the goods were damaged, partially delivered to their destination, or not delivered at all. Two separate letters dated October 11 and 17, 1990, respectively, copies of which are submitted by the plaintiffs in opposition to the motion for summary judgment, recite that the goods were never received at their intended destination. Conversely, William Pacelli, whose affidavit is submitted by Pace and Lloyds in support of the motion for summary judgment, attests to the fact that "Canberra goods" were delivered on December 6, 1989. Accordingly, the pleadings, affidavits, and other proof before the court demonstrate that a genuine issue of fact exists as to whether the present case involves the non-delivery of goods, as asserted by the plaintiffs, or damaged goods, as asserted by Pace and Lloyds. In addition, the present case involves complex issues for which summary judgment is ill adapted. See United Oil Co. v. Urban Redevelopment Commission, supra, 158 Conn. 375. Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the motion for summary judgment is denied.
Mary R. Hennessey, Judge