JERRY BECCIA *v.* CITY OF WATERBURY ET AL.
(11084)

PETERS, HEALEY, PARSKEY, SHEA and MENT, Js.

Argued November 4, 1983—decision released January 24, 1984

*John C. Bullock,* for the appellant (defendant Edward B. St. John).

*J. William Gagne, Jr.,* with whom, on the brief, was *David A. Swaine,* for the appellee (plaintiff).

PETERS, J. This appeal presents questions arising on remand following this court's decision in *Beccia* v. *Waterbury,* 185 Conn. 445, 441 A.2d 131 (1981) *(Beccia I).* The primary issue on this appeal is the constitutionality of General Statutes (Rev. to 1981) § 29-45,[1] which provides an undefined preference for members of a local fire department in the selection of a local fire marshal.

---

[1] Former General Statutes (Rev. to 1981) § 29-45, currently codified as § 29-297, provides: "Sec. 29-45. APPOINTMENT OF LOCAL FIRE MARSHALS AND DEPUTIES. The board of fire commissioners or, in the absence of such board, any corresponding authority of each town, city or borough, or, if no such board or corresponding authority exists, the legislative body of each city, the board of selectmen of each town or the warden and burgesses of each borough, or, in the case of an incorporated fire district, the executive authority of such district shall appoint a local fire marshal and such deputy fire marshals as may be necessary. In making such appointment, prefer-

In *Beccia I,* the plaintiff, Jerry Beccia, an applicant for the position of Waterbury fire marshal, brought an action for declaratory and injunctive relief against the city of Waterbury, various city officials and the defendant in this action, Edward B. St. John, the applicant certified as having ranked first on the examination for the position of fire marshal. The plaintiff sought (1) a declaration that the procedure employed by the city to select its fire marshal violated the requirements of General Statutes (Rev. to 1981) § 29-45; (2) rescission of St. John's certification; and (3) his own certification as the highest ranked applicant. The trial court denied the relief requested by the plaintiff and granted the defendant St. John's application for a writ of mandamus directing the board of fire commissioners to appoint him to the position of Waterbury fire marshal. On the plaintiff's appeal from the denial of his requested relief, we held that the trial court had erred in its construction of § 29-45. Accordingly, we vacated the judgment and remanded the matter to the trial court for further proceedings.

Following our decision in *Beccia I,* the plaintiff commenced two independent actions in the trial court. The first, in quo warranto, sought to oust St. John from the position of fire marshal and to declare the position vacant. The second, in mandamus, sought to secure his own appointment as fire marshal. The trial court rendered judgment for the plaintiff in the quo warranto

ence shall be given to a member of the regular or volunteer fire department of such municipality. Each local fire marshal shall be sworn to the faithful performance of his duties by the clerk of the town, city, borough or fire district and shall continue to serve in that office until removed for cause. Such clerk shall record his acceptance of the position of local fire marshal and shall report the same in writing to the state fire marshal within ten days thereafter, giving the name and address of the local fire marshal and stating the limits of the territory in which the local fire marshal is to serve."

proceeding and for the defendants in the mandamus proceeding. From this judgment the defendant St. John has appealed.[2]

The trial court's memoranda of decision on remand and our own opinion in *Beccia I* reveal the following facts: On October 25, 1979, the city of Waterbury announced a vacancy in the position of fire marshal. Three candidates applied for the job, including Beccia and St. John. Beccia was a member of the Waterbury fire department, while St. John was not. After an examination of the three candidates conducted according to the city's civil service rules, the city personnel director certified St. John to the board of fire commissioners as the highest ranked applicant. Beccia was ranked second. Beccia received no preference in the selection process for his membership in the Waterbury fire department.

Beccia then filed his initial action for declaratory and injunctive relief, claiming that the appointment process contravened General Statutes § 29-45. The trial court rejected this claim on the erroneous grounds that the statute was inapplicable, and that even if applicable, its language was directory rather than mandatory. In *Beccia I* we vacated the trial court's judgment and held that the statute mandated that the city accord some preference to Beccia as a member of the local fire department, although the statute did not expressly prescribe a method of implementing the required preference. We held that the legislature had left delineation of the precise contours of the preference to the discretion of the local authorities.

---

[2] Although the plaintiff initiated two independent actions, the trial court's judgment was recorded in the original court file which was the subject of the appeal in *Beccia I*. It is from this single judgment that the defendant has appealed.

Having prevailed in his appeal, the plaintiff filed a complaint in the nature of quo warranto seeking, on the basis of our decision in *Beccia I,* to oust St. John from the position of fire marshal. St. John attempted to interpose as a defense to the quo warranto action the unconstitutionality of General Statutes § 29-45. The trial court declined to consider the constitutional defense, however, reasoning that it was beyond the scope of our remand in *Beccia I,* and, therefore, "inappropriate and irrelevant in the quo warranto proceeding now before the court." Because St. John had been appointed to the position through a process that concededly accorded no preference whatsoever to members of the local fire department, in direct violation of § 29-45, the trial court ousted him from office and declared the position vacant. In the companion mandamus action, the trial court rejected Beccia's claim that he had a clear legal right to be appointed Waterbury fire marshal because he was the highest ranked applicant who did belong to the local fire department. The trial court held that the statute did not require the automatic appointment of a preferred candidate, that the city's violation of the statutory requirement had infected the entire selection process, and that, as a result, the process had to begin anew.[3]

On this appeal, St. John claims that the trial court erred: (1) in refusing to consider the constitutionality of the statute; (2) in not holding the statute unconstitutional; and (3) in holding invalid the test results on which the eligibility ranking was based. We find no error.

As a threshold matter, we must determine whether St. John's constitutional challenge is properly before us. Although St. John asserted the unconstitutionality of the statute as a defense to Beccia's original declaratory judgment action, the trial court in *Beccia I*

---

[3] Beccia did not appeal the denial of his application for mandamus.

never ruled on the constitutional issue, having denied the requested relief on statutory grounds. On the first appeal, St. John could have, but did not, raise the statute's invalidity as an alternate basis for affirming the judgment pursuant to Practice Book § 3012 (a).[4] It would have served the interest of judicial economy for St. John to have apprised this court of his constitutional claim on the first appeal, rather than to remain silent at that time and to reassert his objection on remand. Our rules of practice, however, which permit an appellee to suggest alternate bases for affirmance not ruled upon by the trial court, do not require the appellee to pursue such a course. Practice Book § 3012 (a). Failure to present alternate grounds on appeal does not result in the forfeiture of otherwise valid claims.

Contrary to the plaintiff's argument, the doctrine of res judicata does not preclude our consideration of the constitutional issue at this time. "[A]pplication of the [doctrine] of res judicata . . . depend[s] on the existence of a valid final judgment by a court of competent jurisdiction." *Laurel, Inc.* v. *Commissioner of Transportation,* 180 Conn. 11, 23, 428 A.2d 789 (1980); *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). Because our decision in *Beccia I* vacated the trial court's initial judgment, that judgment cannot form the predicate for a claim of res judicata. The decisions of this court are not judgments for this purpose, and accordingly our own decision in *Beccia I* can likewise have no res judicata effect. See *Laurel, Inc.* v. *Commissioner of*

---

[4] Practice Book § 3012 (a) provides in relevant part: "If the appellee wishes to present for review alternate grounds upon which the judgment may be affirmed, or if he wishes to present for review adverse rulings or decisions of the court which should be considered on appeal in the event the appellant is awarded a new trial, he may file a preliminary statement of issues within fourteen days from the filing of the appeal."

*Transportation,* supra; *Pepin* v. *Danbury,* 171 Conn. 74, 80, 368 A.2d 88 (1976); *Osterlund* v. *State,* 135 Conn. 498, 502, 66 A.2d 363 (1949).

Nor is the constitutionality of the preference beyond the scope of our remand for "further proceedings not inconsistent with [our opinion in *Beccia I*]." The constitutional issue was not before us in *Beccia I.* Our opinion does not address that question at all and cannot be read, as the plaintiff suggests, to uphold the statute sub silentio. Cf. *Seals* v. *Hickey,* 186 Conn. 337, 347, 441 A.2d 604 (1982); *State* v. *DellaCamera,* 166 Conn. 557, 560–61, 353 A.2d 750 (1974). In *Beccia I* we construed the statute as mandatory and suggested quo warranto proceedings as a vehicle for Beccia to secure appropriate relief. Nothing in our opinion foreclosed a constitutional defense to the quo warranto proceeding.

We turn then to the merits of St. John's claims. St. John challenges the constitutionality of the statutory preference on two grounds: (1) that § 29-45 creates a privileged class in violation of article first, § 1, of the constitution of Connecticut; and (2) that the statute effects an unconstitutional delegation of legislative authority. We find neither of these claims persuasive.

It is well established that legislative enactments carry with them a strong presumption of constitutionality, and that a party challenging the constitutionality of a validly enacted statute bears the heavy burden of proving the statute unconstitutional beyond a reasonable doubt. *Eielson* v. *Parker,* 179 Conn. 552, 557, 427 A.2d 814 (1980); *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 134, 394 A.2d 731 (1978); *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470, 217 A.2d 698 (1966).

The defendant first claims that § 29-45 is repugnant to article first, § 1, of the constitution of Connecticut,

which provides in part, "no man or set of men are entitled to exclusive public emoluments or privileges from the community." This constitutional provision prohibits the adoption of legislation that has no public purpose but operates to confer private gain on an individual or group. *Tough* v. *Ives,* 162 Conn. 274, 292–93, 294 A.2d 67 (1972); *Lyman* v. *Adorno,* 133 Conn. 511, 515–16, 52 A.2d 702 (1947). Where, however, the statute does serve a public purpose, the legislature may constitutionally differentiate between classes of persons, so long as the legislative classification bears a rational relationship to the public purpose sought to be served. *Caldor's, Inc.* v. *Bedding Barn, Inc.,* 177 Conn. 304, 315, 417 A.2d 343 (1979); *Tough* v. *Ives,* supra; *State ex rel. Higgins* v. *Civil Service Commission,* 139 Conn. 102, 106, 90 A.2d 862 (1952).

We have taken a broad view of the legislative goals that may constitute a "public purpose." "This court has found that an act serves a public purpose under article first, § 1, when it 'promote[s] the welfare' of the state; *Tough* v. *Ives,* supra, 292; or when the 'principal reason' for the appropriation is to benefit the public. *Roan* v. *Connecticut Industrial Building Commission,* 150 Conn. 333, 339, 189 A.2d 399 [1963]." *Wilson* v. *Connecticut Product Development Corporation,* 167 Conn. 111, 117, 355 A.2d 72 (1974). At oral argument, counsel for St. John conceded that the enhancement of morale in the local fire departments was a legitimate public purpose to be served by legislation. He further conceded that under some circumstances, promotion of a fire marshal from within the local department would be a rational method of enhancing morale. St. John's challenge to the statute is, therefore, reduced to a claim that promotion from within is not universally preferable and that it is therefore irrational always to require some sort of preference for local department members. The statute does not mandate promotion

from within, however, nor does it specify the extent of the required preference to be accorded department members. Absent a particularized showing that any preference applied in this case would be irrational, St. John has not met his heavy burden of proving the statute constitutionally infirm.

St. John's second challenge to § 29-45 is more substantial. He argues that the undefined preference created by the statute violates the principle that legislative authority may be delegated to an administrative agency only if accompanied by a legislative declaration of purpose and articulated primary standards or an intelligible principle by which the administrative decision maker must exercise the delegated legislative power. *New Milford* v. *SCA Services of Connecticut, Inc.,* 174 Conn. 146, 149, 384 A.2d 337 (1977); *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586 (1940).

In *Beccia I,* this court acknowledged that § 29-45 delegated broad power to local authorities to determine the nature and extent of the mandated preference. "The legislature, in enacting the § 29-45 preference, did two things. On the one hand, it expressed the policy of the state that the harmonious and effective administration of local fire departments required that appropriate recognition be afforded to prior service in local fire departments. On the other hand, it left open the manner in which such a preference was to be implemented, inferentially leaving the question of implementation to the sound exercise of local discretion." *Beccia I,* supra, 461. Because of the strong presumption in favor of the constitutionality of statutes we are obligated to find a meaning for this broad grant of power that carries with it sufficiently intelligible limits to meet constitutional demands. " 'We are bound to assume that the legislature intended, in enacting a particular law, to achieve its purpose in a manner which is both effective and constitutional.' " *Patry*

v. *Board of Trustees,* 190 Conn. 460, 470, 461 A.2d 443 (1983), quoting *Moscone* v. *Manson,* 185 Conn. 124, 128, 440 A.2d 848 (1981); *Wagner* v. *Connecticut Personnel Appeal Board,* 170 Conn. 668, 674, 368 A.2d 20 (1976).

It is reasonable, therefore, to construe the statute to delegate authority to local decision makers to devise a *system* to implement the statutory preference, and not merely to apply some sort of ad hoc preference for local fire department members. Such a reading would further the twin goals of the statute—to enhance local morale by providing recognition for service and to tailor the form of the preference to the needs of each local department.

At oral argument, counsel for St. John conceded that it would be possible for the civil service commission to articulate a series of rules implementing the § 29-45 preference. The Waterbury civil service commission has, apparently, made no effort to do so. The hypothetical possibility that the civil service commission might exercise the broad authority delegated to it in an arbitrary manner does not render the delegation unconstitutional on its face.

Finally, the defendant claims that even if the statutory preference is constitutional, the trial court erred in holding invalid the results of the civil service test administered in 1979. The defendant contends that nothing in the statute requires the § 29-45 preference to be implemented through the civil service testing procedure, that the previously administered test was not inherently suspect, and that the decision whether to begin the selection process anew or to take some curative action with respect to the old eligibility list was within the broad discretion of the civil service commission. We disagree.

The trial court held the test results invalid, not because there was anything unlawful in the conduct of the test itself, but because the entire selection process, of which the test was an integral part, had violated the mandate of § 29-45. The trial court reasoned that the eligibility list "rankings, [which were declared unlawful in *Beccia I,* were] in effect the test results." Accordingly, a new test was required. This reasoning is entirely consistent with our opinion in *Beccia I,* in which we explained that "if General Statutes § 29-45 requires that some preference be given to a member of the city's fire department in selecting a fire marshal, the ranking of the three candidates is invalid and a new eligible list of candidates will be required." *Beccia I,* supra, 458.

Courts of other jurisdictions have held that, once an eligibility list has been published, the civil service commission may not regrade the previously administered test, assigning different weights to its parts, to change the eligible candidates' relative ranking. *People ex rel. Gaynor* v. *Board of Fire Commissioners,* 14 Ill. App. 2d 329, 335-36, 144 N.E.2d 763 (1957); *Day* v. *Gerds,* 54 Mich. App. 547, 552–53, 221 N.W.2d 221 (1974); *State ex rel. Hearty* v. *Mullin,* 198 Wash. 99, 103–104, 87 P.2d 280 (1939); 3 McQuillan, Municipal Corporations (3d Ed. 1982) § 12.79. Similarly, the Waterbury civil service commission could not create a new eligibility list in compliance with § 29-45 merely by adding a preference for local fire department members to the old test results after the relative ranking of the applicants had been made public. The fairness and efficacy of the civil service system depend on the application of procedures and standards agreed upon before the selection process begins. Therefore, the trial court was correct in its ruling that the particular method of

implementing the § 29-45 preference in Waterbury must be set in place before the city can begin the process of selecting a fire marshal.

There is no error.

In this opinion the other judges concurred.