[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of an auto accident. Agency Rent-A-Car is being sued as owners of the vehicle involved. Connecticut General Statutes 14-154a authorizes the suit. The complaint alleges violations of Connecticut General Statutes 14-218a and14-222. The plaintiffs in their demand for relief claim double or treble damages in accordance with Connecticut General Statutes14-295.
The defendant, Agency Rent-A-Car has moved to strike the prayer for double or treble damages as it pertains to Agency Rent-A-Car.
The first claim of the defendant is without merit. Section14-154a is clear that the liability of the person leasing the car is the same as that of the operator. This court should not speculate on the reasons why the legislature omitted language in Public Act 88-229 that was included in Public Act 85-122. The language of Public Act 88-229 is clear and unambiguous and does not limit the liability of the lessor. See F.A.A. v. Admin. of Unempl. Comp. Act, 196 Conn. 549 (1985).
The second claim of the defendant is that Connecticut General Statutes 14-295 is unconstitutional in that it violates the lessor's right to due process of law. This statute carries with it a presumption of constitutionality. Peck v. Jacquemin,196 Conn. 53 (1985). The party alleging the constitutionality of a statute bears a heavy burden of proving such statute is unconstitutional beyond a reasonable doubt. Beccia v. City of Waterbury, 192 Conn. 127 (1984). The defendant has not met this burden. The motion to strike is denied.
THOMAS V. O'KEEFE, JR., JUDGE CT Page 1240