Defendants move to dismiss the second count of the plaintiff's complaint on the grounds that plaintiff lacks standing to bring such a claim and plaintiff has failed to allege a substantial constitutional claim that overrides the defendant's defense of sovereign immunity.
In the first count the plaintiff appealed from the decision of the Commissioner of the Department of Environmental Protection approving a Remedial Action Plan for the remediation of polluted soil and groundwater located at the Adriaen's Landing site in Hartford, Connecticut, and granting certain permits. In the second count the plaintiff seeks a judgment declaring statutes passed by the legislature in 1999 to foster the development of Adriaen's Landing and Rentsehler's Field, §§ 32-650, et seq. (hereinafter referred to as the "Enabling Act") unconstitutional as a violation of article first, § 1 of the Connecticut Constitution prohibiting public emolument.[1]
CT Page 15941-me
This court bifurcated the trial of this case hearing first evidence and argument as to the first count. It issued its memorandum of decision on June 7, 2001 determining (1) that the plaintiff failed to establish and aggrievement to bring the administrative appeal; (2) that if the court is wrong on that issue, the plaintiff failed to establish the Commissioner's decision was made on unlawful procedure and in violation of the Uniform Administrative Procedures Act. 30 Conn. L. Rptr. 93.
Now before this court is the defendants' motion to dismiss plaintiff's second count seeking a declaratory judgment as to the unconstitutionality of the Enabling Act. The first ground asserted is that plaintiff lacks standing to bring such a claim.
"Standing is the legal right to set judiciary machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action." Ardmare Construction Co.v. Freedman, 191 Conn. 497, 501 (1983). The issue of standing implicates this court's subject matter jurisdiction. Middletown v. Hartford ElectricLight Co., 192 Conn. 591, 595 (1984). Specifically, our courts have held that "the plaintiffs must have standing in order for the court to have jurisdiction to render a declaratory judgment." Connecticut Business andIndustry Association, Inc. v. Commission on Hospitals and Health Care,218 Conn. 335, 346 (1991).
Standing is established by showing that the party claiming it is either authorized by statute to bring the suit or is "classically aggrieved."Steeneck v. University of Bridgeport, 235 Conn. 572, 579 (1995). The plaintiff does not claim a statute authorizes the suit; rather it relies upon establishing that it is classically aggrieved. The test for determining aggrievement encompasses a twofold determination: first "the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action) as distinguished from the general interest such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the [challenged action)."Mystic Marine Life Aquarium, Inc. v. Gill, 175 Conn. 483, 493 (1978).
The standard for determining standing on the basis of aggrievement to bring an administrative appeal pursuant to Section 4-183 (a) is the same as having "an interest, legal or equitable" to bring an action for a declaratory judgment pursuant to Practice Book Section 390(a).Connecticut Business and Industry Association, Inc. v. CCH, supra at CT Page 15941-mf 346-48. As stated in that case "A party pursuing declaratory relief must therefore demonstrate, as in ordinary actions, a `justiciable right' in the controversy sought to be resolved, `that is, contract, property or personal rights . . . as such will be affected by the [court's] decision' . . . A party without a justiciable right in the matter sought to be adjudicated lacks standing to raise the matter in a declaratory judgment action." Id. at 348. As the court further said "We recently held that a party who was simply a member of the general public who has not demonstrated how she was harmed in a unique fashion by the conduct she had challenged in a declaratory judgment action had failed to establish `a colorable claim of direct injury.' and accordingly lacks standing to maintain the action." Id. at p. 348.
This court's memorandum of decision, dated June 7, 2001 held that the plaintiff and their members have no specific interest as to the inadequacy of the traffic analysis in the EIE and the inadequacy of dealing with hazardous waste in the Remedial Action Plan that differs from the general public. 23 Conn. L. Rptr. 93. Consequently the plaintiffs and their members are not aggrieved. The same analysis applies as to the plaintiffs standing to bring this declaratory judgment action.
In opposition to this motion to dismiss, the plaintiff contends that it has a specific, personal and legal interest in statutes rendered inapplicable by the Enabling Act that enable it to defend the approvals for the Adriaen's Landing project. These procedural rights eliminated by the Enabling Act include the requirement for competitive bidding in awarding the contract to the lowest responsible and qualified bidder for the Adriaen's Landing project, pursuant to Section 4(b)-91 and 4(b)-92; the right to a public hearing for local site plan and special planned approval and the procedures applicable to the granting of a certificate of operation by the state traffic commission; and the right of plaintiff to maintain an action and intervene in an administrative appeal to protect the public trust in the air, water and natural resources from unreasonable pollution impairment or destruction, pursuant to Sections22a-16 and 22a-19.
This court determines that the plaintiff does not have a specific, personal and legal interest in the rights provided for in statutes exempted from the Enabling Act so as to give it standing here. The law is clear that, a statute or ordinance providing procedural guarantees does not create a constitutionally protected property interest unless it sets forth substantive criteria that limit the discretion of the decision making body." Double I Limited Partnership v. Planning ZoningCommission, 218 Conn. 65, 78 (1991). That case indicates that an example CT Page 15941-mg of such a substantive criterion would be a requirement that employees be fired only for cause." It goes on to state: "Even if the statute includes substantive criteria, a party whose asserted property interest is not related to the substantive criteria, but rather is grounded solely in the procedure set forth in the statute, does not have a constitutionally cognizable property interest." Id.
There is no substantive criteria imbedded into the statutes exempted from the Enabling Act and plaintiff's claim of deprivation of procedural rights under these exempted statutes does not give rise to a property right. Accordingly plaintiff lacks standing to bring this claim.
A further ground asserted by the state defendants for this court's lack of jurisdiction is the doctrine of sovereign immunity.
Clearly, under our law, an exception to that doctrine is the claim that the government is acting unconstitutionally. Sentner v. Board ofTrustees, 184 Conn. 339, 343 (1981); Horton v. Meskill, 72 Conn. 615, 624
(1977). However, that exception applies only to a claim of unconstitutionality that is "substantial." Horton v. Meskill, supra at 624.
In Tamm v. Burns, 222 Conn. 280 (1992), the plaintiff claimed that the state's operation of a truck inspection and weighing station caused such noise, unsightliness and air pollution as to constitute a taking of his property under article first, § 1 of the Connecticut Constitution. That section provides. "The property of no person shall be taken for public use, without just compensation therefor." The court dismissed the plaintiffs' action for lack of jurisdiction on the ground that the asserted constitutional claim lacked sufficient substantiality to overcome the doctrine of sovereign immunity.
The plaintiff asserts that by the Enabling Act providing that certain statutes shall not apply to the Adriaen's Landing project, such as those requiring competitive bidding, site plan approval, granting of certificates of operation, private attorney general provisions, intervener status and transfer act certification, the act violates article first, § 1 of the state constitution prohibiting public emoluments. That section of the Constitution provides: "All men when they form a social compact, are equal in right; and no man or set of men are entitled to exclusive public, emoluments or privileges from the community." Our courts have interpreted this constitutional provision to prohibit "the adoption of legislation that has no public purpose but operates to confer private gains on an individual or group." Beccia v.CT Page 15941-mhWaterbury, 192 Conn. 127, 134 (1984). As stated in Chotkowski v. State,240 Conn. 246, 257 (1997), "To prevail under article first, § 1 of our constitution; the plaintiff must demonstrate that `the sole objective of the General Assembly is to grant personal gain or advantage to an individual.' [Citation omitted.] If however, an enactment serves a legitimate public purpose, then It will withstand a challenge under article first, § 1 . . . `What constitutes a public purpose is primarily a question for the legislature and its determination will not be reversed by the court unless it is manifestly and palpably incorrect.' . . . In other words, if we can discern `any conceivable justification for [the] challenged legislation of the public point of view'; . . . we are bound to uphold It against a constitutional challenge predicated on article first, § 1."
The Enabling Act at § 32-650 sets forth legislative findings as to the public benefit to be derived from the Adriaen's Landing project, from "integrated development and completion" of the project, and from "expedited site acquisition, site preparation and construction." These findings clearly establish a public purpose for the Enabling Act. That purpose is for the legislature to determine. This court can clearly discern a "conceivable justification for the challenged legislation from the public viewpoint." Chotkowskz v. State, supra at 259.
The exemptions from the Enabling Act do not grant any individual or group of people any special advantages over any other persons in participating in the development and construction of Adriaen's Landing. The plaintiff finally resorts to claiming that the Enabling Act grants to the Secretary of OPM public emoluments because of the extraordinary powers granted to him to oversee the project. However, the Secretary is a public official performing public functions and it is impossible to see how the powers afforded him under the Act could be other than for a public purpose.
On reflection and analysis this court concludes that plaintiffs' claim that the Enabling Act is unconstitutional as a violation of article first, § 1 is unsubstantial and does not overcome the doctrine of sovereign immunity.
As a consequence this court holds, on the grounds that the plaintiff lacks standing and that its constitutional claim cannot withstand the defense of sovereign immunity, that the second count is dismissed for lack of jurisdiction.
Satter, J.T.R. CT Page 15941-mi